The **DENVER UNION STOCK YARD COMPANY**, a Colorado corporation, Plaintiff,

v.

**LITVAK MEAT COMPANY**, a Colorado corporation, Defendant.

Civ. A. C-1071.

United States District Court
D. Colorado.

Nov. 18, 1968.

Dawson, Nagel, Sherman & Howard, Winston S. Howard, Denver, Colo., for plaintiff.

Feder, Morris & Kortz, Harold A. Feder, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on the motion of plaintiff The Denver Union Stock Yard Company to remand the action to the District Court for the City and County of Denver under 28 U.S.C. § 1447. Defendant Litvak Meat Company's petition for removal is based on 28 U.S.C. § 1441 and claims that the matters in controversy raise federal questions within the original jurisdiction of this Court. While, according to the complaint, the amount in controversy exceeds ten thousand dollars, diversity of citizenship is lacking.

The complaint filed in the state court asserts two claims for relief. The first seeks to recover sums allegedly due from defendant to plaintiff under an agreement executed January 1, 1960. This agreement in substance provides, with certain exceptions, that until December 31, 1969 or until plaintiff ceases to do business as a public stockyard, defendant shall pay to plaintiff a sum equal to fifty per cent of the then existing regular yardage charges on all livestock acquired by defendant and on all livestock slaughtered or processed on defendant's premises as the same are constituted within the immediate vicinity of the plaintiff's stockyards.

The second claim for relief is an action based on the Colorado forcible entry and detainer statute, Colo.Rev.Stat.Ann. § 58–1–1 et seq. (1963), which attempts to recover possession of certain premises occupied by defendant under a license which plaintiff has revoked. This license, executed on the same date and of the same duration as the agreement on which the first claim is based, provides for the use of the premises by defendant for penning livestock prior to slaughter and states that it may be revoked for failure to pay the charges specified in the agreement.

In addition to money recovery and possession, the complaint seeks a declaration of rights under the January 1, 1960 agreement.

■■ The basic principles for determining the removability of an action to federal court are well established. Section 1441 provides, in pertinent part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant * * *.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

As is the case with original federal question jurisdiction, the action must be one "arising under" the Constitution, treaties or laws of the United States. The federal nature of the claim must appear from consideration of the complaint alone and the claim must be one that is essentially federal; the presence of federal defenses will not operate to confer federal jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Gully v. First Nat'l Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); Andersen v. Bingham & G. Ry., 169 F.2d 328, 14 A.L.R.2d 987 (10th Cir. 1948); Urban Renewal Authority of City of Trinidad, Colo. v. Daugherty, 271 F.Supp. 729 (D.Colo.1967). While a

plaintiff cannot, by his pleading, avoid removal of an essentially federal claim, he can, where there are both state and federal grounds, choose to ignore the federal and rely solely upon the state claim. *See* Urban Renewal Authority of City of Trinidad, Colo. v. Daugherty, *supra.*

■ Defendant, in its petition for removal, asserts not merely that the controversy is within the original jurisdiction of the district court, but rather that it falls within exclusive federal jurisdiction. The answer of defendant asserts, as one of its affirmative defenses, the invalidity of the alleged contract under certain provisions of the federal Packers and Stockyards Act, 7 U.S.C. § 181 *et seq.* and counterclaims, by reference to a complaint filed by it in this Court against the present plaintiff, under that Act for the recovery of damages and declaratory relief.

It is at the outset clear, as indicated by the above cited authorities as well as numerous others, that the possibility or even certainty of there being federal defenses to plaintiff's claims will not provide a basis for the assertion of federal jurisdiction. Furthermore, it is evident that a federally based counterclaim will not support the exercise of removal jurisdiction. Such a result inevitably follows from the rule requiring that removability be determined on the basis of the complaint alone. *Cf.* 1A J. Moore, Federal Practice ¶ 0.167[8] & n. 24 (1965).

However, a more substantial question is presented as to whether plaintiff's claims are to be regarded as inherently federal by virtue of the Packers and Stockyards Act which provides for extensive regulation of the packing and stockyards industries. Defendant's position apparently is that plaintiff's claims arise under that Act, the specific provisions relied upon being 7 U.S.C. §§ 191, 202, 206, 208 and 209. Briefly stated, the nature of these sections is as follows: Section 191 defines the term "packer"; section 202 defines the term "stockyard" and gives the Secretary of

Agriculture power to determine which stockyards fit this definition and are thereby subject to regulation under the Act; section 206 requires that rates and charges for stockyard services be just, reasonable and nondiscriminatory and prohibits those which are not; section 208 requires that stockyards establish, observe and enforce just, reasonable and nondiscriminatory regulations and practices regarding provision of stockyard services and prohibits those which are not; and section 209 provides for damage liability, enforceable by complaint to the Secretary of Agriculture or by suit in the federal district court, for violations of certain sections of the Act or of regulations made under certain sections of the Act.

Having examined the complaint, we conclude that it is founded upon neither these provisions nor upon any other provision of federal law. The instant situation is similar to that presented in Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L. Ed.2d 584 (1961). While the particular holding in that case was that a suit for refunds of excess payments for natural gas made under contracts was not a matter of exclusive federal jurisdiction by virtue of the Natural Gas Act, the course of reasoning utilized by the Court was that there could be no exclusive federal jurisdiction since the suit would not even qualify for the exercise of any federal jurisdiction, the complaint being founded upon state law contract and restitution claims rather than upon the federal gas act. The following statements, made after exposition of the general principles of federal question jurisdiction, are equally applicable to the instant case:

The rights as asserted by Cities Service are traditional common-law claims. They do not lose their character because it is common knowledge that there exists a scheme of federal regulation of interstate transmission of natural gas. * * * We are not called upon to decide the extent to which the Natural Gas Act reinforces

or abrogates the private contract rights here in controversy. The fact that Cities Service sues in contract or quasi-contract, not the ultimate validity of its arguments, is decisive.

Nor does § 22 of the Natural Gas Act help petitioners. "Exclusive jurisdiction" is given the federal courts but it is "exclusive" only for suits that may be brought in the federal courts. Exclusiveness is a consequence of having jurisdiction, not the generator of jurisdiction because of which state courts are excluded. 366 U.S. at 663–664, 81 S.Ct. at 1307, 1308.

 The rights here asserted by plaintiff are based on common law and state statute and in no way derive their existence from the federal stockyards act. The federal regulatory scheme for the industry is pervasive, but that fact alone cannot convert an action founded on state law into one properly cognizable in a federal forum. The fact that an industry is federally regulated and that in contract suits some matters of federal law may come into issue and be dispositive of the case does not make the exercise of federal jurisdiction appropriate.

While the stockyards act does provide that suits for its violation can be brought before the Secretary of Agriculture or in federal district court, 7 U.S.C. § 209, it in no way indicates that suits to recover for services or facilities provided are to be similarly brought. Whereas in the *Pan American Petroleum* case it might have been possible to base the complaint on federal law, in the instant case it is extremely doubtful that plaintiff could give federal form to its complaint even if it so desired. It should further be noted that, in view of the rule that federal jurisdiction be determined from the complaint alone, to accept defendant's position would require holding that every suit by a federally regulated stockyard regarding its provision of services or facilities arises under federal law. Such a result is warranted by neither the Packers and Stockyards Act nor the jurisdictional provisions of the judicial code.

 Finally, that plaintiff also seeks a declaration of rights under the agreement cannot affect the jurisdiction of this Court. Though it might then in some sense be said that the complaint itself puts the federal matters in issue, the claim is still based essentially on state law and the federal questions are present only by way of anticipation of defense. That declaratory relief is sought cannot expand federal court jurisdiction beyond its normal confines. *See* Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Therefore we conclude that the present action is not one arising under the Constitution, treaties or laws of the United States within the meaning of 28 U.S.C. § 1441 and that the motion to remand must be granted. It is accordingly

Ordered that the motion to remand be and hereby is granted, and this action is remanded in its entirety to the District Court for the City and County of Denver.