**Martin Edgar TULEY, Plaintiff-Appellant,**

v.

**Louis HEYD, Jr., Criminal Sheriff, Orleans Parish, et al., Defendants-Appellees.**

No. 72–3564.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1973.

Lloyd C. Melancon, New Orleans, for plaintiff-appellant.

A. W. Wambsgans, Richard M. Michalczyk, Metairie, La., Emile C. Rolfs, III, Baton Rouge, La., for Heyd and Falkenstein.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

THORNBERRY, Circuit Judge:

Tuley appeals from summary judgment entered in this 42 U.S.C. § 1983 action in favor of defendants Heyd, the Criminal Sheriff of Orleans Parish, Louisiana, and defendant Falkenstein,

the Warden of the Orleans Parish Prison. We vacate and remand.

Tuley originally sued three defendants: Warden Falkenstein, Sheriff Heyd, and Deputy Sheriff Massey. In his hand-written *pro se* Section 1983 complaint filed on January 23, 1968, Tuley made the following factual allegations:

Petitioner, a Federal prisoner at Orleans Parish Prison, awaiting prosecution for Interstate Transportation of a stolen motor vehicle, was the victim of and [*sic*] unprovoked attack by one Deputy Sheriff Al Massey on the evening of Tuesday, January 16, 1968. This Deputy Sheriff, an ex-professional wrestler and boxer, weighing 250 pounds or more, did under color of law, while on duty as jailer on Tier A–1, inflict great bodily harm on this petitioner who was immediately examined by the prison doctor and later removed to Charity Hospital for examination of head injuries and distorted vision. Petitioner does still suffer from distorted vision and headaches.

There were approximately seventy inmates confined to the dayroom who witnessed this attack.

As relief the complaint sought damages only.

Upon application Tuley was permitted to proceed *in forma pauperis,* and a lawyer was appointed for him. His appointed counsel died in July of 1970, and a second lawyer was appointed in May of 1971. The second appointed attorney moved to withdraw as counsel, but the motion was denied, and he still represents Tuley on this appeal. At no time has counsel for Tuley sought leave to amend the original *pro se* complaint.

Each of the three defendants denied each and every allegation of the complaint in his answer.

In September of 1972 defendants Heyd and Falkenstein moved to dismiss as to them on the basis that the complaint alleged no personal involvement in the beating on their part and that as a matter of law they could not be held vicariously liable for the wrongful acts of the Deputy under Section 1983. The district court determined that neither the pleadings nor the answers to interrogatories on file indicated personal involvement on the part of Heyd or Falkenstein or showed a genuine issue as to any material fact concerning them and, treating the motion to dismiss as a motion for summary judgment under Fed. R.Civ.P. 12, it granted summary judgment for the two movants. It certified the judgment as final under Fed.R.Civ. P. 54(b).

In the terse three-page argument in his brief, counsel for appellant Tuley seems to raise two issues on this appeal: (1) whether the facts were sufficiently developed in the record to permit the conclusion that there were no genuine issues as to material facts so that summary judgment could properly be granted, and (2) whether a Deputy Sheriff's superiors may be vicariously liable under Section 1983 for the Deputy's wrongful acts. We agree with appellant that the record facts were not sufficiently developed to permit entry of summary judgment; we do not reach the second issue because we cannot ascertain from the record in its present state whether or in what form it is presented in this case.

■■ A motion to dismiss for failure to state a claim upon which relief can be granted must be treated as a motion for summary judgment if matters outside the pleadings are considered.

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Fed.R.Civ.P. 12(b). The motion, considered as one for summary judgment under Fed.R.Civ.P. 56, should be granted only "if the pleadings, depositions, an-

swers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■■ A motion for summary judgment, as distinguished from a motion to dismiss for failure to state a claim, seeks to "pierce the allegations in the pleadings," 10 C. Wright & A. Miller, Federal Practice and Procedure § 2712 at 373 (1973); it goes beyond the pleadings and challenges the factual existence of a valid claim. Summary judgment should be granted only when it is clear factually what the truth of the matter is. Poller v. Columbia Broadcasting System, 1962, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458. The facts may become clear when, for example, the parties stipulate them, or when the moving party files an affidavit setting forth certain facts, and the non-moving party is unable to produce any controverting affidavit or evidence. Fed.R.Civ.P. 56(e).

■ In this case the parties have hardly begun to develop the facts. The record contains no affidavits, depositions, or admissions. Beyond the factual representations in the complaint, answers to interrogatories by each party are the only indications of the facts. Plaintiff's interrogatories were directed solely toward discovery of the names and addresses of potential witnesses, the existence of any pertinent documentary or photographic evidence concerning the extent of plaintiff's injuries, and the existence of liability insurance policies. Interrogatories served by defendants were aimed exclusively at discovery of the identities of plaintiff's witnesses and of his name, address, marital status, educational background, and criminal record. None of the interrogatories or answers to them touch on the question of personal fault or responsibility on the part of Heyd or Falkenstein for the alleged beating. None of the answers show what offices Heyd or Falkenstein held at the time of the alleged beating, or whether a master-servant or superior-subordinate or principal-agent relationship existed between Falkenstein and Massey or between Heyd and Massey, or whether any other arguable basis for vicarious liability of Falkenstein or Heyd was present. Because the material facts of the lawsuit were thus wholly undeveloped in the record, summary judgment could not properly be granted.

■■ It is a familiar principle that the label a district court puts on its disposition of a case is not binding on a court of appeals. When a district court grants a motion styled a motion to dismiss, but bases its ruling on facts developed outside the pleadings, the appellate court will review the "dismissal" as a summary judgment under the standards laid down in Fed.R.Civ.P. 56. *E. g.,* Williams v. Pacific Maritime Association, 9th Cir. 1967, 384 F.2d 935, cert denied, 1968, 390 U.S. 987, 88 S.Ct. 1181, 19 L.Ed.2d 1290; *see* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1366 n. 67. In the instant case, it is apparent that the district court mislabeled its disposition in the opposite fashion; although its order is denominated a summary judgment, the court did not rely on extra-pleading matters in making its ruling. As we have noted above, there was no extra-pleading development of relevant facts in the record. The ruling was based on the failure of the complaint to allege personal involvement of Falkenstein or Heyd in the alleged beating and on the legal conclusion that vicarious liability could not be imposed under Section 1983.[1]

---

1. The district court explained the bases for its ruling from the bench as follows: From the alleged facts of the plaintiff's complaint, the movers Heyd and Falkenstein were not responsible for plaintiff's injuries where relief under the doctrine of respondent superior is clearly inapplicable to impose vicariously liability upon the defendant, who has no personal involvement in the alleged deprivation of the plaintiff's Federally protected rights. . . . To recover money damages under the Civil Rights Act there must be a showing that the defendants personally and directly were involved in the acts, which were allegedly violative of plaintiff's rights under Federal law.

The district court ruled on "the formal sufficiency of the statement of the claim for relief." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1969). In these circumstances the district court's order should be reviewed as a dismissal with prejudice rather than as a summary judgment.[2]

Our perusal of the complaint convinces us that the Rule 12(b)(6) motion to dismiss for failure to state a claim should have been granted, but not with prejudice. In the circumstances of this case we conclude that the dismissal should have been entered—and on remand should be entered—without prejudice to plaintiff's right to serve an amended complaint within a reasonable time, to be determined by the district court.

■ The inadequacy of the complaint to state a claim under Section 1983 against Heyd or Falkenstein is patent. These two defendants are not named or otherwise identified in the body of the complaint. The pleading thus not only fails to indicate any direct, personal involvement of either defendant in the alleged deprivation of civil rights, but also fails to allege any arguable basis for vicarious liability. In the caption of his original complaint Tuley has included Heyd's name, followed by the title, "Criminal Sheriff Orleans Parish," and Falkenstein's name, followed by the title, "Warden, Orleans Parish Prison," but the inclusion of these names and notations of office in the caption does not amount to an allegation that either defendant was personally involved in the beating or to a sufficient allegation of the offices held by defendants at the time of the events in question or of the nature of the relationships which existed between Heyd and Massey and between Falkenstein and Massey. See Hoffman v. Halden, 10th Cir. 1959, 268 F.2d 280, 303; Brzozowski v. Randall, E.D.Pa. 1968, 281 F.Supp. 306, 312.

■ Appellees would have us hold sweepingly that no claim based on vicarious liability will lie under Section 1983. This broad position is foreclosed by prior holdings of this court that the question of a sheriff's vicarious liability under Section 1983 for acts of his deputy is controlled by state law.[3] Madison v. Gerstein, 5th Cir. 1971, 440 F.2d 338; Lewis v. Brautigam, 5th Cir. 1955, 227 F.2d 124; see also Hesselgesser v. Reilly, 9th Cir. 1971, 440 F.2d 901.[4] In this case, however, we have no occasion to rule on questions of vicarious liability under Section 1983, for none are presented by the pleadings at this stage.

We conclude that this case should be remanded for dismissal without prejudice to plaintiff's right to amend within

---

2. An involuntary dismissal must be considered to be with prejudice unless the district court specifies that its order is entered "without prejudice." Fed.R. Civ.P. 41(b). Of course, a summary judgment is always "with prejudice." It "is on the merits and purports to have a res judicata effect on any later action." 10 C. Wright & A. Miller, Federal Practice and Procedure § 2713 at 407 (1973).

3. On the question of vicarious liability under Section 1983, see generally Jennings v. Davis, 8th Cir. 1973, 476 F.2d 1271 [1973]; Roberts v. Williams, 5th Cir. 1972, 456 F.2d 819, cert. denied, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110; Carter v. Carlson, 1971, 144 U.S.App.D.C. 388, 447 F.2d 358, rev'd on other grounds sub nom. District of Columbia v. Carter, 1973, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613; Adams v. Pate, 7th Cir. 1971, 445 F.2d 105; Anderson v. Nosser, 5th Cir. 1971, 438 F.2d 183, 199 n. 13, modified in other respects en banc, 1972, 456 F.2d 835, cert. denied sub nom. Nosser v. Bradley, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89; Dunham v. Crosby, 1st Cir. 1970, 435 F.2d 1177; Whirl v. Kern, 5th Cir. 1969, 407 F.2d 781, cert. denied 397 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177; Nesmith v. Alford, 5th Cir. 1963, 318 F.2d 110, cert. denied sub nom. Sullivan v. Nesmith, 1964, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420.

See also Louisiana Revised Statutes 33:1435; Nielson v. Jefferson Parish Sheriff's Office, La.Ct.App.1970, 242 So. 2d 91; Pollizzi v. Trist, La.Ct.App.1963, 154 So.2d 84; Gray v. DeBretton, 1939, 192 La. 628, 188 So.2d 722.

4. In Moor v. County of Alameda, 1963, 411 U.S. 693 n. 17, 93 S.Ct. 1785, 36 L.Ed.2d 596 the Supreme Court did not interpret Lewis and Hesselgesser as improperly importing state causes of action into federal law via 42 U.S.C. § 1988.

a reasonable time, rather than with prejudice, because the "federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires the plaintiff be given every opportunity to cure a formal defect in his pleading." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1356 at 612 (1969). This policy is particularly applicable in this case since the plaintiff, after appointment of two lawyers to represent him in this action, is still proceeding on the basis of his original, obviously inadequate *pro se* complaint, over five years after it was originally filed. We express no view on whether plaintiff in fact has and can state a meritorious claim.

The summary judgment entered below is vacated and the case is remanded with directions.