Marilyn K. SWEENEY, Plaintiff,

v.

MORGAN DRIVE AWAY, INC., a Foreign Corporation, and Jim Updike, Defendants.

Civ. A. No. 74-F-700.

United States District Court,
D. Colorado.

April 22, 1975.

Kirk P. Brown, Pueblo, Colo., John H. Lewis, Denver, Colo., for plaintiff.

Thomas J. Burke, Jr., Denver, Colo., for defendants.

ORDER
Denying Plaintiff's Motion
to Remand

FINESILVER, District Judge.

This matter comes before the Court on Plaintiff's Motion to Remand the action to the District Court in and for the County of Pueblo, Colorado.

Plaintiff originally brought this action in state court seeking damages for breach of contract, negligence, and out-

rageous conduct in connection with her contract with defendants whereby defendants undertook shipment of plaintiff's mobile home trailer from Virginia to Pueblo West, Colorado. Plaintiff alleges damages of approximately $6,000 resulting from delay in the delivery of the home, actual damage to the home, and incidental damages related thereto.

Defendant Morgan Drive Away, Inc. removed the case to this court under 28 U.S.C. § 1441(a) and (b) alleging that this court has original jurisdiction over the action as it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." Defendant Morgan is a common carrier engaged in the transportation of property in interstate commerce pursuant to certification issued by the Interstate Commerce Commission. Defendant argues that this court has original jurisdiction of this action by virtue of 28 U.S.C. § 1337 and §§ 20(11) and 219 of the Interstate Commerce Act as amended, 49 U.S.C. §§ 20(11) and 319.

After careful consideration of the complaint in this action and the memoranda submitted by both parties, we conclude that removal of this case was proper, and the action should not be remanded to the state court.

## I.

The removal statute, 28 U.S.C. § 1441(a), allows removal to the federal courts of any state action over which the federal courts have original jurisdiction. The issue under consideration here is whether plaintiff's complaint can be characterized as stating a federal cause of action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11) so as to confer removal jurisdiction on this court under 28 U.S.C. § 1337 and § 1441.

When an action is removed on the basis of a federal law, statute, or question, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L. Ed. 70 (1936). The federal nature of the claim must be a basic issue in the case, whether or not it has been specifically pleaded. See Crow v. Wyoming Timber Products Co., 424 F.2d 93 (10th Cir. 1970); Denver Union Stock Yard Co. v. Litvak Meat Co., 295 F.Supp. 809 (D.Colo.1968).

Traditionally, a plaintiff has the prerogative to determine the theory of his or her action, and this determination controls. See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Crow v. Wyoming Timber Products Co., *supra*. A plaintiff may choose to bring an action solely on one theory, ignoring alternative theories. See Denver Union Stock Yard Co. v. Litvak Meat Co., 295 F.Supp. 809 (D.Colo.1968).

In her complaint in this case, plaintiff has not alleged violations of any federal laws, but has based her claims solely on state and common law theories of breach of contract, negligence, and outrageous conduct. Thus on the basis of the complaint alone, no federal jurisdiction exists. However, a plaintiff may not defeat federal jurisdiction by omitting or neglecting to include reference to federal statutes which are an essential part of the lawsuit. See Denver Union Stock Yard Co. v. Litvak Meat Co., *supra*. Defendant carries the burden of demonstrating that plaintiff's complaint arises under federal law.

## II.

Defendant argues that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11), has preempted the area of actions for damages to interstate shipments, and any such actions must be determined in accordance with federal law. Thus defendant contends that plaintiff's action, in reality, is based on federal law and comes within 28 U.S.C. § 1337 which grants federal courts original jurisdiction over actions "arising under any Act of Congress regulating commerce . . . ."

The Carmack Amendment provides that interstate common carriers are liable to holders of receipts or bills of lading for any loss, damage, or injury resulting from the carrier's activities. The Supreme Court in commenting on the reach of the Carmack Amendment stated:

> [t]he liability of a carrier for damage to an interstate shipment is a matter of federal law controlled by federal statutes and decisions. Missouri P. R. Co. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964). See Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913).

In line with this reasoning many courts have held that the Carmack Amendment has preempted state and common law claims for damages resulting from interstate shipment of goods. E. g., Fulton v. Chicago, Rock Island & Pacific Railroad Co., 481 F.2d 326 (8th Cir. 1973); W. D. Lawson & Co. v. Penn Central Co., 456 F.2d 419 (6th Cir. 1972); American Synthetic Rubber Corp. v. Louisville & Nashville Railroad Co., 422 F.2d 462 (6th Cir. 1970); Sylgab Steel & Wire Corp. v. Strickland Transportation Co., Inc., 270 F.Supp. 264 (E.D.N.Y.1967).

The Colorado Court of Appeals has recently come to a similar conclusion:

> Since the enactment of the so-called "Carmack Amendment" to the Interstate Commerce Act . . . in 1906, an interstate carrier's liability has been governed exclusively by Federal law. Allied Van Lines Inc. v. Smith, 28 Colo.App. 85, 470 P.2d 926, 928 (1970).

■ We conclude that actions brought by holders of bills of lading or receipts against interstate carriers alleging damage to goods shipped are governed by the Carmack Amendment and the Interstate Commerce Act, and state and common law remedies for damages are foreclosed by these federal statutes. Federal law has superseded all state and common law claims in this area, and a carrier's liability is governed exclusively by federal law. Thus the Carmack Amendment forms an essential part of plaintiff's complaint in this action, and removal of the case to federal court was proper. See the persuasive opinion of Judge Weinstein in Sylgab Steel & Wire Corp., supra.

The Tenth Circuit in Litvak Meat Co. v. Baker, 446 F.2d 329 (10th Cir. 1971) discussed some aspects of the Carmack Amendment, noting that in some situations common law remedies may be available for actions by shippers based on damage to shipped goods. However, that case dealt primarily with the issue of personal jurisdiction over a defendant corporation under the Colorado "long-arm" statute and the Carmack Amendment and is not directly applicable here. The factual situation in the Litvak case is also distinguishable from the present case. In addition, the Court in Litvak noted that a carrier's liability for damage to an interstate shipment is a matter of federal law in actions brought solely by holders of receipts or bills of lading. Litvak, supra at 337. Thus we believe our holding here is in accord with Litvak.

### III.

Accordingly, it is hereby ordered that Plaintiff's Motion to Remand is denied.

It is further ordered that the Pretrial Conference in this action is set for Friday, May 30, 1975, at 1:30 p. m. in Courtroom D., United States Courthouse.

This case lends itself to settlement and counsel are directed to meet and discuss settlement. On or before May 12, 1975, counsel are directed to file with the Court in writing the prospects of settlement in this action.