John JONES, Plaintiff-Appellant,

v.

**GENERAL TIRE & RUBBER CO.,**
**Defendant-Appellee.**

No. 75–2110.

United States Court of Appeals,
Seventh Circuit.

Argued April 26, 1976.

Decided Sept. 8, 1976.

Fredrick R. Spencer, Anderson, Ind., for plaintiff-appellant.

Stephen E. Davis, Indianapolis, Ind., for defendant-appellee.

Before CUMMINGS, PELL and SPRECHER, Circuit Judges.

PELL, Circuit Judge.

This is an appeal from a judgment entered in favor of the defendant, General Tire & Rubber Co., on its motion for summary judgment. The plaintiff, John Jones, filed his complaint in the Superior Court of Madison County, Indiana, seeking monetary damages in the amount of $9500 and reinstatement as an hourly paid employee of the defendant. The plaintiff alleged that he was originally employed in 1956 as an hourly rated employee in the defendant's Marion, Indiana, manufacturing plant. In 1968 he was advanced to a salaried position, but this employment was terminated on June 6, 1973. There was no allegation that the defendant was beyond its legal rights in terminating the employment although it was alleged that the employment was not terminated because of employee's misconduct or any physical or mental infirmity. What we deem to be the significant basis of plaintiff's asserted cause of action, and of ultimate significance in our disposition of this case, is the following allegation:

Plaintiff had an implied contractual right to return to an hourly rated position at defendant's Marion, Indiana, plant when his salary services ended. Plaintiff's implied contractual right is based upon policies, practices, and negotiated collective bargaining agreements at said Marion, Indiana, plant.

The defendant promptly filed in the federal district court for the Southern District of Indiana its petition for removal of the cause, reciting in its verified motion that the action was a civil action arising under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185. The motion basically finds its support in its statement that the plaintiff's implied con-

tractual right to reemployment was based in part upon collective bargaining agreements, that this would have been an agreement between the defendant and United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO, Local Union No. 466, and that the "action is based on an alleged violation of the aforesaid collective bargaining agreement by the defendant General Tire and Rubber Co."

■■■ In the district court the plaintiff filed a motion to remand which at best can be described only as half-hearted:

Plaintiff has no quarrel with this Court hearing this case on the merits. However, plaintiff would point out that only if this Court would hold that it could grant plaintiff's prayer for equitable relief and order plaintiff re-instated to the hourly rated job to which he would have been entitled upon his discharge in June, 1973, would the collective bargaining agreement come into play, and this Court's jurisdictional touchstone.

If this Court would hold that plaintiff is only entitled to money damages, and not reinstatement to an hourly rated job, then plaintiff urges that there may be a jurisdictional defect, and this cause should be remanded.

WHEREFORE, plaintiff prays that this Court determine if this cause should be remanded, and for all other proper relief.

Notwithstanding the lack of vigorous and positive assertion of a right for remand, the duty nevertheless rested upon the district court under the circumstances here to notice and determine the existence of a federal question and this would have been true even if the motion had not been filed. 14 Wright, Miller and Cooper, Federal Practice

and Procedure § 3739, at 757 (1976). Nor is the fact that the plaintiff stated he had no quarrel with the district court hearing the case on the merits of significance because the right to secure a remand in the absence of federal jurisdictional subject matter cannot be waived. Id. at 756. The motion to remand was more illuminating on the question of the place in the scenario of plaintiff's claim of "the collective bargaining agreements" than was the plaintiff's complaint itself. In the motion to remand plaintiff sets forth three paragraphs of the bargaining agreements, all dealing with the same subject and contained in the 1963, 1967, and 1970 contracts.[1]

■ A fair reading of the quoted provision from the union contract can lead to only one conclusion, which was the conclusion at which the district court arrived in granting summary judgment; and that is that the contract under any construction does not purport to provide a contractual right for an employee who has been transferred to work outside of the bargaining unit to be entitled to reinstatement to work inside the bargaining unit or to be rehired as an hourly employee in the event of termination of his employment outside the bargaining unit. The sole and obvious purpose of the provision in question was to provide that an employee who is retransferred to an hourly paid position would be entitled to the seniority rights as specified in the contract. Plaintiff was never retransferred to an hourly position, and the only way he could have claimed a violation of the bargaining agreement was if he had been retransferred to an hourly position and had been denied seniority in accordance with the contract.

---

1. The provision in the 1970 contract was as follows:

Any employee previously in the Bargaining Unit who has been transferred to work outside of the Bargaining Unit prior to July 31, 1970, shall, in the event he is transferred to the status of an hourly employee, be entitled to his full seniority including the full period of time in which he served in a position outside the Bargaining Unit prior to July 31, 1970. Seniority accumulated after July 31, 1970 will be accumulated at the rate of one-

half of the actual time spent in such position. Any employee transferred outside of the Bargaining Unit subsequent to July 31, 1970, in the event he is transferred back to a position within the Bargaining Unit, shall be entitled to his full seniority up to the date of transfer to the position outside the Bargaining Unit. He shall accumulate seniority after this period at the rate of one-half of the actual time spent in such a position.

The other two quoted provisions dealt with the same subject in substantially the same manner.

The defendant resisted the motion to remand admitting that the right of defendant to remove a case must be determined solely from the allegations of the plaintiff's complaint, *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918), but asserting that an exception to the rule permits the defendant to show by affidavits that the status of parties where not clearly shown by the complaint is such as to permit removal, *Fay v. American Cystoscope Makers, Inc.,* 98 F.Supp. 278, 280 (S.D.N.Y.1951). The defendant further asserted that the allegations of the complaint, presumably aided by the defendant's affidavit, show that the suit is one over which federal courts have jurisdiction under 29 U.S.C. § 185. The defendant's answer in opposition to the motion to remand does not in any way indicate how or in what way the plaintiff's complaint is based upon a violation of the labor contract as required under 29 U.S.C. § 185(a).[2]

■ The district court in a brief order denied remand and subsequently on the merits granted defendant summary judgment. This appeal followed. In this court the briefing was directed to the propriety of the grant of summary judgment. The question of whether the case should have been remanded was only adverted to in oral argument in a cursory manner. We entertain considerable reluctance to reach a disposition in a case on an issue which has not been thoroughly briefed and argued, particularly where the underlying factual situation developed by affidavits and depositions without any apparent real dispute as to the ultimately controlling facts would indicate that the plaintiff will probably have considerable difficulty in establishing his implied contractual right to return to an hourly rated position at the Marion plant.[3]

■ Nevertheless, this is a jurisdictional matter and is subject to review in this court. 14 Wright, Miller and Cooper, *supra* at § 3740. The threshold issue thus is whether the district court pursuant to 28 U.S.C. § 1447(c) should have remanded the case.[4]

Generally speaking, a cause of action for breach of a collective bargaining contract in an industry in interstate commerce may be removed to a federal district court. *E. g., Berry v. Michigan Bell Tel. Co.,* 319 F.Supp. 401 (E.D.Mich.1967). However, in enacting § 301(a), Congress intended not to displace, but to supplement, the jurisdiction of the courts of the various states over contracts

2. Section 301(a) of the Act, 29 U.S.C. § 185(a), in pertinent part, reads as follows:
   Suits for *violation* of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district of the United States . . . ." [Emphasis supplied.]

3. On the other hand, if we were to reach the propriety of the granting of summary judgment, which we do not do, we would have to be mindful that the underlying basis of plaintiff's claim is that he individually, and not through any union contract, had an implied agreement that if he left the salaried position he would be entitled to return to his hourly paid position. This would appear to involve the intention of the parties, and this court has repeatedly recognized that questions of intent are particularly inappropriate for summary judgment. *E. g., Staren v. American Nat. Bank & Tr. Co. of Chicago,* 529 F.2d 1257, 1261 (7th Cir. 1976); *Accord, Conrad v. Delta Air Lines,* 494 F.2d 914, 918 (7th Cir. 1974).
   Further, we note that not only did the plaintiff not assert in his complaint that his claim

rested upon provisions of federal labor law but he also did not allege any of the necessary matters requisite to a § 301 suit such as an attempt to exhaust grievance and arbitration procedures or a claim of breach of the local union's duty of fair representation. If this action had been jurisdictionally properly before the court, it would appear that the lack of the allegation of exhaustion of contractual remedies, which *Newgent v. Modine Mfg. Co.,* 495 F.2d 919, 927 (7th Cir. 1974), establishes as an indispensable prerequisite to the institution of a civil action, would have been sufficient for the district court to have dismissed the complaint pursuant to Rule 12(b)(6) without the necessity of reaching the merits of the claim. See also *Orphan v. Furnco Construction Corp.,* 466 F.2d 795, 800 (7th Cir. 1972).

4. 28 U.S.C. § 1447(c) provides in part:
   If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. . . . The State court may thereupon proceed with such case.

made by labor organizations. *Charles Doud Box Co. v. Courtney*, 368 U.S. 502, 511, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). In *Avco Corp. v. Aero Lodge 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Court held that § 301(a) suits initially brought in state courts may be removed to the designated federal forum under the federal question removal jurisdiction delineated in 28 U.S.C. § 1441.[5] *Accord, Boys Market, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 244, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

There is no indication that Congress intended by the removal mechanism to cause in the allocation of judicial business between state and federal courts the wholesale stampede of cases into the federal district courts. *Tasner v. U. S. Industries, Inc.*, 379 F.Supp. 803, 809 (N.D.Ill.1974).

■ Removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by the plaintiff. *Beacon Moving & Storage, Inc. v. Local 814, International Brotherhood of Teamsters*, 362 F.Supp. 442, 445 (S.D.N.Y.1972). Nonetheless, the plaintiff has the prerogative of determining the theory of his action and, so long as fraud is not involved, he may defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction. *J. Landowne Co. v. Paper Box Makers and Paper Specialties Union, Local 299*, 278 F.Supp. 339, 340 (E.D.N.Y.1967).

There was no basis upon which the district court could conclude that the plaintiff was employing artful manipulation of the terms of the complaint in order to defeat removal. *Cf. Hearst Corp. v. Shopping Center Network, Inc.*, 307 F.Supp. 551, 556 (S.D.N.Y.1969).

■ Because the plaintiff's complaint omitted important allegations and did not purport to ground a claim on § 301(a), the defendant bore the burden of establishing the jurisdiction of the district court. It is well established that the burden is on the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance. *Tasner, supra* at 809.

■ We are satisfied that where an action is removed on the basis of a federal law, statute, or question, a right or immunity created by the Constitution or the law of the United States must be an element, and an essential one, of the plaintiff's cause of action. In other words, the federal nature of the claim must be a basic issue in the case. *Sweeney v. Morgan Drive Away, Inc.*, 394 F.Supp. 1216, 1217 (D.Colo.1975). In *Sweeney*, the court denied remand on the basis that although on the complaint alone no federal jurisdiction existed, the plaintiff could not defeat federal jurisdiction by omitting or neglecting to include reference to federal statutes which were an essential part of the lawsuit in the case before the court. As the facts were developed in the present case in the district court where the defendant was attempting to meet its burden of proof, no basic issue in the case was demonstrated to have a federal nature. The sole slim nexus upon which the defendant could have relied was the

---

**5.** 28 U.S.C. § 1441 is as follows:

*Actions removable generally*

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

reference in the complaint to the union contracts at the defendant's plant. The language of the successive versions of these contracts was not supportive of any theory of right of reinstatement upon termination of the salaried position. We assume plaintiff referred to the union contract in his complaint in the hope that an inference could be drawn from the recognition of seniority rights when a salaried employee who had formally been an hourly paid employee was transferred to hourly work, which inference would be that the union and the company were somehow recognizing that employees did have an independent right to this type of retransfer. That a provision was in the contract pertaining to seniority when a retransfer did occur in no way brings a violation of the contract in as an element of the plaintiff's present lawsuit since the plaintiff was not retransferred. If the plaintiff had been retransferred and had been denied seniority rights, there would, of course, have been a different situation.

As it is, the seniority situation is merely the possibility of another and a different lawsuit lurking in the wings but never appearing on the stage of litigation.

[11] Reduced to its basic elements, the plaintiff here is merely claiming a right of action based upon state and common law theories of breach of contract. Whether the plaintiff can establish this claim is not before us, and should not have been before the district court, because the claim in no manner hinged upon a violation of a contract between the plaintiff's employer or its labor organization. While we are not pleased with the prospect of sending a claim of dubious merits back for further litigation, we are of the opinion that the plaintiff is entitled to have the determination of the merits of his case made in the forum originally selected by him. The defendant is deprived of no valuable right, for as Judge Hutchinson observed in remanding a case, as he understood the jurisprudence of the state in which he was sitting, it "operates with an eye to justice, just the same as that of the federal court." *Pabst v. Roxanna*

*Petroleum Co.,* 30 F.2d 953, 954 (S.D.Tex. 1929).

For the reasons hereinbefore set out the judgment of the district court is vacated, and the case is remanded by this court to the district court for the purpose of entering an order remanding the case to the appropriate state court.

Judgment Vacated and Remanded.