Isiah HINES, Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Defendant-Appellee.

No. 75-3704
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Rick B. Levinson, Dover, Fla., for plaintiff-appellant.

Robert L. Shevin, Atty. Gen., Miami, Fla., Donna H. Stinson, Dept. of Legal Affairs, Civil Div., Tallahassee, Fla., for defendant-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM.

Isiah Hines, an inmate of the Florida penal system, filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging inadequate medical care, cruel and unusual punishment, and racial discrimination. The plaintiff named only Louie L. Wainwright, Director of the Division of Corrections, now Secretary of the Department of Offender Rehabilitation, as defendant. The complaint contained no allegations against the defendant, charging other prison officials and doctors with the deprivation of medical care. The district court granted the defendant's motion for judgment on the pleadings, because the complaint failed to state any claim against Mr. Wainwright.

*Tuley v. Heyd,* 5 Cir. 1973, 482 F.2d 590, controls this case. In *Tuley* a prisoner sued a warden, a sheriff, and a deputy sheriff for damages after an alleged attack by the deputy. Judge Thornberry, for the Court, found a patent inadequacy to state a claim against either the warden or the sheriff because neither had participated in the attack. *Id.* at 594. But instead of affirming the district court's summary judgment against the plaintiff, the Court instructed the district court to dismiss the suit without prejudice to the plaintiff's right to amend within a reasonable time. The federal policy of deciding cases on the basis of substantive rights rather than technicalities was determinative. The Court reached this result even though the plaintiff had the assistance of counsel during the five-year pendency of the suit. *Id.* at 595. The similar facts of the instant case require a similar result. Although Hines has had appointed counsel for almost three years, his initial *pro se* complaint has not been amended. The district court correctly found that the complaint does not now state a claim against the defendant. But the plaintiff should have the opportunity to advance such a claim if it exists. Of course, we express no view on whether Hines can state a meritorious allegation against the Secretary.

The order of the district court is VACATED and the case is REMANDED with directions.