**GEORGE R. HALL, INC., Plaintiff,**

v.

**SUPERIOR TRUCKING COMPANY, INC. and Excalibur Insurance Company, Sims Crane Service, Inc., Sims Crane Service of Georgia, Inc., and Howard Baer, Inc., Defendants.**

**Civ. A. No. C79–797A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 21, 1981.

Howell Hollis, III, Freeman & Hawkins, Atlanta, Ga., for plaintiff.

John D. Sours, Smith, Currie & Hancock, Atlanta, Ga., for Sims Crane Service, Inc. & Sims Crane Service of Ga., Inc.

J. Robert Persons and Stephen E. O'Day, E. Clayton Schofield, III, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for Superior Trucking Co., Inc. & Excalibur Ins. Co.

Robert E. Corry, Jr., Dennis, Corry, Webb, Carlock & Williams, Atlanta, Ga., for Howard Baer, Inc.

## ORDER

ROBERT H. HALL, District Judge.

This case arises out of a contract between plaintiff and defendant Superior Trucking Company for the shipment of a printing press from Jamaica, New York, to New Orleans, Louisiana. The press was damaged in an accident just south of Atlanta, Georgia, on January 22, 1978. Plaintiff now seeks to recover against various defendants for its losses sustained because of damage to the printing press. Two defendants, Superior Trucking Company and Excalibur Insurance Company now seek either summary judgment or partial summary judgment.

First, Excalibur seeks summary judgment on the grounds that, under the Interstate Commerce Act, no action was authorized against it since the federal statute precludes any direct action against an insurer until such time as a judgment is obtained against the insured common carrier involved. 49 U.S.C. § 315.

■ Summary judgment pursuant to Rule 56 is always with prejudice and should, therefore, only be granted on the merits. *Tuley v. Heyd*, 482 F.2d 590, 594 n.2 (5th Cir. 1973); *Heyward v. Public Housing Administration*, 238 F.2d 689 (5th Cir. 1956); Wright & Miller, *Federal Practice and Pro-*

*cedure*: Civil § 2712. The court believes, without so finding, that plaintiff's suit against Excalibur is premature and that its complaint therefore fails to state a claim upon which relief can be granted at this time. These matters, however, do not go to the merits of plaintiff's cause of action, and are not an appropriate basis for summary judgment. 482 F.2d at 593–94. Thus, Excalibur's motion for summary judgment is DENIED.

The court must also consider the joint motion of Superior and Excalibur for partial summary judgment. These defendants seek a determination that they cannot be liable for state claims that plaintiff has brought against them. The court agrees and will grant partial summary judgment in their favor accordingly.

As a preliminary matter, the court is aware that the Interstate Commerce Act, which governs this case, has been recently repealed, revised, and reenacted as 49 U.S.C. § 10101 *et seq.* As expressed in the court's Order of March 17, 1981, there is some reason for uncertainty as to whether the revised statute or the old statute applies to this case. Because of that uncertainty, the parties were asked to readdress the question of which statute applies here. In their briefs filed after the March Order, however, there was no dispute that the old statute was applicable to this case. Therefore, the court will apply it as the governing rule of law.

█ Furthermore, the court believes that analysis under the old statute is proper. The new statute states that it is not applicable to rights and duties that matured, penalties that were incurred, and proceedings that were begun before October 17, 1978. Pub.L.No. 95–473, § 4(b), 92 Stat. 1466 (1978). The accident in this case occurred nearly nine months before the new statute was effective. Thus, it was excluded from the coverage of the revised Interstate Commerce Act. *See Frosty Land Foods International, Inc. v. Refrigerated Transport Co.*, 613 F.2d 1344, 1346 n.2 (5th Cir. 1980). Regardless of which statute is applicable, however, the new statute is ap-

parently intended to have the same result as the old statute when applied to particular cases. *Trailer Marine Transport Corp. v. Federal Maritime Commission*, 602 F.2d 379, 383 n.18 (D.C.Cir. 1979).

The proper result under the Interstate Commerce Act is subject to some dispute. *Compare Litvak Meat Co. v. Baker*, 446 F.2d 329 (10th Cir. 1971) *with Fulton v. Chicago, Rock Island and Pacific Railroad Co.*, 481 F.2d 326 (8th Cir.), *cert. denied sub nom. Soo Line Railroad Co. v. Fulton*, 414 U.S. 1040, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973). The provision of the Interstate Commerce Act at issue here, known as the Carmack Amendment, governs the liability of common carriers for damage caused to goods in Interstate Commerce. 49 U.S.C. § 20(11). Though the court is impressed by the reasoning in *Litvak* and is inclined to believe that *Litvak* represents a proper view of the Carmack Amendment, seventy-five years of judicial interpretation of the Carmack Amendment have now settled the question of the availability of state remedies against a common carrier in a situation such as that at issue here. At this late date this court is bound by the principle of stare decisis. *Chicago & North Western Railway Co. v. Davenport*, 205 F.2d 589 (5th Cir. 1953), *cert. denied*, 346 U.S. 930, 74 S.Ct. 320, 98 L.Ed. 422 (1954).

█ Under the Carmack Amendment, and the judicial decisions interpreting it, plaintiff may only rely on the remedies provided by the bill of lading required to be issued by the amendment. *Georgia, Florida & Alabama Railway Co. v. Blish Milling Co.*, 241 U.S. 190, 197, 36 S.Ct. 541, 544, 60 L.Ed. 948 (1916). The Interstate Commerce Act is quite comprehensive and embraces the "responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Id.* at 196, 36 S.Ct. at 544. It is now quite clear that the liability of a common carrier for damages caused to an interstate shipment depends solely upon federal law. *Missouri Pacific Railroad Co. v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964).

A number of federal courts have held that the Carmack Amendment was intended to provide a uniform standard of liability in the case of interstate common carriers. *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913) (quoting *Southern Pacific Co. v. Crenshaw Brothers*, 5 Ga.App. 675, 63 S.E. 865 (1909)). The Carmack Amendment, because of the need for uniform federal policy and the extensiveness of federal law in this area, totally occupies the field of regulating interstate carriers. To hold otherwise would be error. *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419 (6th Cir. 1972). *Accord, North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 232 (2d Cir. 1978); *Fulton v. Chicago, Rock Island & Pacific Railroad Co.*, 481 F.2d 326 (8th Cir.) *cert. denied sub nom. Soo Line Railroad Co. v. Fulton*, 414 U.S. 1040, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973); *Sylgab Steel & Wire Corp. v. Strickland Transportation Co.*, 270 F.Supp. 264, 268–69 (E.D.N.Y.1964).

Moreover, it is the opinion of the Georgia state courts that Georgia law does not apply to the liability of interstate common carriers for damages caused during interstate transportation. That area, according to the Georgia Court of Appeals, has been totally preempted by the Carmack Amendment. *Seaboard Air Line Railroad Co. v. Henry Charin Corp.*, 84 Ga.App. 442, 66 S.E.2d 113 (1951).

■ Since liability for damage caused during interstate transportation is fully covered by federal law, plaintiff can only avoid a partial summary judgment if the damage to the printing press did not occur in interstate commerce. Thus, plaintiff argues that the damage to the printing press occurred in intrastate rather than interstate commerce. It bases this conclusion on the fact that, according to the undisputed facts, the damage actually occurred while the Superior Trucking vehicle was disabled on a highway just south of Atlanta. At that time, Superior contracted with another defendant, Sims Crane Service, to move the printing press from the Superior vehicle to another trailer so that the press could be transported to Superior's Atlanta terminal. While trying to accomplish this move, the printing press was dropped and severely damaged.

Plaintiff would have the court believe that because of the attempted transfer from one Superior vehicle to another and the attempted removal of the press to Superior's Atlanta terminal, the press was involved in intrastate rather than interstate commerce. This interlude in the movement of the press from Jamaica to New Orleans, however, does not constitute an interruption of interstate commerce. "Neither continuity of interstate movement nor isolated segments of the trip can be decisive." *New York, New Haven & Hartford Railroad Co. v. Nothnagle*, 346 U.S. 128, 130, 73 S.Ct. 986, 987, 97 L.Ed. 1500 (1953). The test is one of practicality. *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460 (1943). As long as the carrier is in process of getting goods to their final destination, the goods remain *in commerce* within the meaning and coverage of the Interstate Commerce Act. Despite the attempted transfer of the press from one truck to another and the attempted diversion of the press to Atlanta, the press was still involved in the practical continuity of movement to New Orleans. Since the press was still en route to its final destination, it was still in *interstate commerce* and governed by the Interstate Commerce Act and the Carmack Amendment. *Id.; Galbreath v. Gulf Oil Corp.*, 294 F.Supp. 817 (N.D.Ga. 1968), *aff'd*, 413 F.2d 941 (5th Cir. 1969).

Thus, the court finds that the field of common carrier liability has been totally preempted by federal law.

We conclude that actions brought by holders of bills of lading or receipts against interstate carriers alleging damage to goods shipped are governed by the Carmack Amendment and the Interstate Commerce Act, and state and common law remedies for damages are foreclosed by these federal statutes. Federal law has superseded all state and common law claims in this area, and a carrier's liability is governed exclusively by federal law.

*Sweeney v. Morgan Drive Away, Inc.*, 394 F.Supp. 1216, 1218 (D.Colo.1975). Since it is well established, seventy-five years after the enactment of the Carmack Amendment, that federal law has preempted the field of common carrier liability where interstate commerce is involved, partial summary judgment in favor of Superior and Excalibur on the state causes of action must be entered.

So ORDERED this 21 day of May, 1981.