[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15122
Non-Argument Calendar

_____

D. C. Docket No. 04-02527-CV-RDP

OLIVIA DAVIS,
EDDIE DAVIS,
TAMMY TAYLOR,

                                             Plaintiffs-Appellants,

versus

NPC PIZZA HUT,

                                             Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 15, 2007)

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Olivia Davis and Tammy Taylor, black females, and Eddie Davis, a black male (collectively "plaintiffs"), appeal the district court's grant of summary judgment to their employer NPC Pizza Hut ("NPC") on their Title VII discrimination claim, 42 U.S.C. § 2000e-2(a).  In August 2003, NPC promoted Paula Stanford, a white female, from the position of restaurant general manager ("RGM") to area general manager ("AGM"), with responsibility for overseeing five to ten restaurants.  At that time, Olivia and Eddie Davis were RGMs for NPC restaurants, while Taylor was an assistant manager at Olivia Davis's restaurant.

The district court granted summary judgment to NPC.  We review the district court's grant of summary judgment de novo, viewing all facts and reasonable inferences in the light most favorable to the non-moving party.  Little v. United Techs., 103 F.3d 956, 959 (11th Cir. 1997).  Summary judgment is appropriate where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Id.

The plaintiffs attempted to use circumstantial, rather than direct, evidence to prove discrimination on the basis of race.  When a plaintiff's Title VII claim is based on circumstantial evidence, we evaluate the claim under the McDonnell Douglas burden-shifting framework.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-4, 93 S. Ct. 1817, 1824-5 (1973).  The plaintiff has the initial burden

2

of establishing a prima facie case of discrimination. "In order to establish a prima facie case. . . the plaintiff must demonstrate only that: (i) he or she belonged to a protected class; (ii) he or she was qualified for and applied for a position that the employer was seeking to fill; (iii) despite qualifications, he or she was rejected; and (iv) the position was filled with an individual outside the protected class." Vessels v. Atlanta Indep. Sch. Dist., 408 F.3d 763, 768 (11th Cir. 2005) (in context of failure to promote claim). Once the plaintiff has presented a prima facie case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its employment action. McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824.

If the employer does articulate such a reason, "the plaintiff must prove that the reason provided by the defendant is a pretext for unlawful discrimination." Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006). The employee must meet his or her burden of production on pretext in order to avoid summary judgment. See Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002) ("[T]he employer is entitled to summary judgment unless the plaintiff proffers evidence sufficient to create a genuine issue of material fact that discrimination was actually the reason for the challenged action."). To show pretext, the employee must "come forward with evidence . . . sufficient to permit a

3

reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Combs v. Plantation Patterns, Meadowcraft, Inc., 106 F.3d 1519, 1528 (11th Cir. 1997). Accord Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S. Ct. 2097 (2000).

Here, assuming arguendo that the plaintiffs have made out a prima facie case of discrimination, NPC has articulated a legitimate, nondiscriminatory reason for promoting Stanford rather than one of the plaintiffs. NPC stated that it promoted Stanford because she was more qualified for the position than the plaintiffs. NPC produced evidence showing that Stanford met the internal minimum qualifications for the AGM position, had years of experience managing multiple restaurants for another company, and had owned and managed several of her own restaurants.

Plaintiffs then had the burden of producing evidence sufficient to permit a reasonable jury to conclude that NPC's stated reason for promoting Stanford was pretextual. Combs, 106 F.3d at 1528. Plaintiffs produced no such evidence. They asserted that Stanford was less qualified than they were, based on the plaintiffs' greater length of service with NPC. This did not, however, demonstrate pretext. "[A] plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where. . . the reason is one that might motivate a reasonable employer." Brooks v. County

4

Comm'n, 446 F.3d 1160, 1163 (11th Cir. 2006). Therefore, to establish pretext on the basis of a comparison of qualifications, "the difference in qualifications must be so glaring that no reasonable impartial person could have chosen the candidate selected for the promotion in question over the plaintiff." Vessels, 408 F.3d at 772. Accord Ash v. Tyson Foods, Inc., 546 U.S. 454, 126 S. Ct. 1195, 1197 (2006).

Here, the difference in qualifications did not meet this standard. There must be a "glaring" difference in qualifications if that difference alone is used to impeach the employer's stated reason for its decision. Vessels, 408 F.3d at 772. In the instant case, this difference in qualifications was simply not present. In fact, it was reasonable for NPC to conclude that Stanford was more qualified for the AGM position than the plaintiffs were, despite their longer tenure with NPC. Stanford had managed multiple restaurants for years, while plaintiffs had managed at most one restaurant. One of the plaintiffs, Taylor, had not even been an RGM at the time Stanford was promoted. The plaintiffs therefore could not establish pretext simply by comparing their qualifications to Stanford's. Because they produced no additional evidence of pretext, they did not meet their burden of production, and summary judgment was proper.

Plaintiffs further argue on appeal that the district court erred in dismissing

their case with prejudice.  Dismissal with prejudice was, however, a necessary result of the district court's grant of summary judgment to NPC.  See Tuley v. Heyd, 482 F.2d 590, 594 n.2 (5th Cir. 1973).[1]

**AFFIRMED.**

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.