**ROSEMOUND SAND AND GRAVEL COMPANY, Plaintiff-Appellant,**

v.

**LAMBERT SAND AND GRAVEL COMPANY et al., Defendants-Appellees.**

No. 71-3456.

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1972.

John L. Fulbright, Beaumont, Tex., for plaintiff-appellant.

Carlos G. Spaht, James M. Field, R. Boatner Howell, Jr., Baton Rouge, La., for defendants-appellees.

Before DYER, SIMPSON and MORGAN, Circuit Judges.

DYER, Circuit Judge:

This appeal presents the question whether the granting of a motion to dismiss for lack of subject matter jurisdiction in this federal antitrust case was proper. The trial court, 330 F.Supp. 549, after a hearing and after reviewing the affidavits, depositions, answers to interrogatories, and other material in the record, concluded that the requisite nexus with interstate commerce was not present and dismissed the case. We affirm.

Plaintiff, Rosemound Sand & Gravel Company, a Texas limited partnership qualified to do business in Louisiana, brought suit under the Sherman, Clayton, and Robinson-Patman Acts for damages said to result from the activities of three Louisiana sand and gravel companies. Rosemound alleged that these three companies combined to interfere with an output-requirements agreement which Rosemound had arranged with a large construction company. All defendants before the court moved to dismiss, claiming a total lack of interstate involvement.

■■ At the outset, it is necessary for us to describe the procedural construct of this case. Because of some misleading language in the docket entry for the opinion below, and in the opinion itself, to the effect that the court rendered a summary judgment instead of dismissing the case, much of the argument on this appeal has been directed incorrectly, but not surprisingly, to the propriety of this course of action. An examination of the pleadings and a careful reading of the opinion below, however, show that the only motion before the court was one to dismiss under Fed. R.Civ.P. 12(b)(1), and that the district court granted this motion and dismissed the case. The trial court's taking cognizance of matters outside the pleadings may have added to the confusion, but it is clear, under the last sentence in Rule 12(b), that the only motion under this Rule which can be treated as a motion for summary judgment when outside matters are considered is that numbered (6), failure to state a claim upon which relief can be granted. Estes v. Shell Oil Co., 5 Cir. 1956, 234 F.2d 847, 849–850 n. 5. See also Riley v. Titus, D.C.Cir. 1951, 89 U.S.App.D.C. 79, 190 F.2d 653, cert. denied, 342 U.S. 855, 72 S.Ct. 82,

96 L.Ed. 644; 2A J. Moore, Moore's Federal Practice ¶ 12.09 [3] (1968). The trial judge's consideration of the motion as a 12(b)(1) motion was proper.

■ Although it was correct to treat the motion as one to dismiss, Rosemound argues, somewhat obliquely, that the motion should not have been granted prior to a trial on the merits. In some instances courts have refused to approve such a dismissal before a plaintiff has had an opportunity to discover the facts necessary to establish jurisdiction. *See* Surpitski v. Hughes-Keenan Corp., 1 Cir. 1966, 362 F.2d 254; Collins v. New York Central System, D.C.Cir.1963, 117 U.S.App.D.C. 182, 327 F.2d 880. Rosemound, however, cannot claim such judicial over-eagerness. After a hearing on defendants' motion to dismiss, the trial court gave all counsel 60 days within which to complete the record on this question. Rosemound took advantage of this time to propound interrogatories to each defendant and then, by letter to the trial court, requested that its decision be postponed until the interrogatories were answered. The decision was delayed and Rosemound neither sought any other discovery nor proffered any further affidavits to counter those filed by the defendants in support of the original motion. On this record we cannot say that Rosemound was foreclosed from submitting all of the jurisdictional facts to the court. The court's decision on the question of subject matter jurisdiction prior to trial was therefore not an abuse of discretion under Fed.R.Civ.P. 12(d).

■ Rosemound urges that it was denied its Seventh Amendment right to a trial by jury because of the trial judge's decision on the jurisdictional question. The short answer is that there has been no denial of this right because questions of jurisdiction are properly within the ambit of the court's authority. Gilbert v. David, 1915, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; Har-Pen Truck Lines, Inc. v. Mills, 5 Cir. 1967, 378 F.2d 705; Hardin v. McAvoy, 5 Cir. 1954, 216 F.2d 399. *See also* Rule 12(h)(3), Fed.R.Civ.P.; 5 C. Wright & A. Miller, Federal Practice and Procedure § 1350 at 556–58 (1969).

■ Finally, Rosemound insists that the district court erred in dismissing the complaint on the grounds that the defendants were not engaged in commerce and that their product did not flow in interstate commerce. Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Welsh v. American Surety Co., 5 Cir. 1951, 186 F.2d 16; 5 C. Wright & A. Miller, *supra* § 1363 at 653. The complaint contains only the barest conclusory statements of jurisdiction and Rosemound has added little to shore up its initially weak position. The answers to its interrogatories clearly show that the defendants mine and sell sand and gravel only for Louisiana purchasers and that none of the defendant's products are shipped out of state or enter the flow of commerce. The depositions of Rosemound's partners establish that its business never got off the ground to any commercially recognizable extent. As found by the trial court, this failure of any party to have any interstate business disposes of the Clayton Act and Robinson-Patman Act claims. Standard Oil Co. v. FTC, 1951, 340 U.S. 231, 71 S.Ct. 240, 95 L.Ed. 239; Littlejohn v. Shell Oil Co., 5 Cir. 1972, 456 F.2d 225; Walker Oil Co. v. Hudson Oil Co., 5 Cir. 1969, 414 F.2d 588, cert. denied, 1970, 396 U.S. 1042, 90 S.Ct. 684, 24 L.Ed.2d 686. While these intrastate activities could be found to violate the Sherman Act if they had a direct and substantial effect on interstate commerce, Atlantic Co. v. Citizens Ice & Cold Storage Co., 5 Cir. 1949, 178 F.2d 453, cert. denied, 339 U.S. 953, 70 S.Ct. 841, 94 L.Ed. 1365; Page v. Work, 9 Cir. 1961, 290 F.2d 323, cert. denied, 368 U.S. 875, 82 S.Ct. 121, 7 L.Ed.2d 76, the evidence introduced below established no

such connection.[1] As pointed out in United States v. Frankfort Distilleries, Inc., 1945, 324 U.S. 293, 297, 65 S.Ct. 661, 663, 89 L.Ed. 951, "[the Supreme] Court has on occasion determined that *local conduct could be insulated from the operation of the Anti-Trust laws on the basis of the purely local aims of a combination, insofar as those aims were not motivated by the purpose of restraining commerce, and where the means used to achieve the purpose did not directly touch upon interstate commerce.*" If a combination could be shown to have existed here, its only purpose and effect would have been to interfere with the intrastate Louisiana sand and gravel business.

Affirmed.

---

1. The facts which Rosemound claimed constituted a sufficient connection with interstate commerce were that it was a Texas partnership with a Texas office; that the company to which it planned to sell sand and gravel had its offices in Tennessee; that Rosemound and the defendants purchased some supplies out of state; that the sand and gravel sold by the defendants to Rosemound's expect-ed customer were made into concrete "mattresses," floated down the Mississippi, and placed on its bed; and that defendants sold sand and gravel to Louisiana contractors for the construction of highways. Despite these attempts to establish a nexus with interstate commerce, it was still uncontroverted that all sales of sand and gravel were made in Louisiana for Louisiana projects.