**Mr. and Mrs. Charles L. MORGAN, Plaintiffs-Appellants,**

**v.**

**J. E. ODEM, d/b/a Odem Construction Company, et al., etc., Defendants-Appellees.**

No. 75–3779.

United States Court of Appeals, Fifth Circuit.

May 16, 1977.

Rehearing and Rehearing En Banc Denied Aug. 16, 1977.

**148**

Louis R. Koerner, Jr., New Orleans, La., for plaintiffs-appellants.

John J. Weigel, Thomas M. Nosewicz, New Orleans, La., for Cooley, et al.

Lawrence D. Wiedemann, New Orleans, La., for P. J. Berrigan.

Robert R. Thorne, Slidell, La., for J. E. Odem.

Harry S. Hardin, III, C. Scott Carter, New Orleans, La., for Patrick Berrigan and Alford & Berrigan.

Before MORGAN and RONEY, Circuit Judges, and KING,* District Judge.

PER CURIAM:

In spite of an attempt to cast this case in a civil rights and antitrust mold, it concerns nothing more than a state law construction contract dispute over which the federal court had no jurisdiction. We affirm the dismissal of the complaint.

Plaintiffs contracted with Mr. Odem to build a home for them. Financing was provided by a local bank. Attorney Cooley represented both bank and plaintiffs in that transaction. The Morgans allege that Odem walked off the job and then caused Cooley's law partner, Mr. Guth, to file a lien against their property. The lien was later cancelled, but not until it led to alleged financing difficulties for plaintiffs.

Mrs. Morgan then went to Assistant District Attorney Berrigan to discuss criminal prosecution of Odem, but was informed that no such action was appropriate. At this meeting she disclosed various personal documents to Berrigan. A short time later Berrigan, acting as Odem's attorney, filed suit in Louisiana state court against the Morgans for breach of contract. That case is still pending.

Plaintiffs then commenced this action against defendants Cooley, Guth, and their law firm, Berrigan, his law firm, and Odem. They allege civil rights violations under color of law, 42 U.S.C.A. § 1983, an illegal private conspiracy to deprive them of their rights, 42 U.S.C.A. § 1985(3), and a conspiracy to restrain trade and monopolize legal services in violation of the antitrust laws, 15 U.S.C.A. §§ 1, 2. The rights allegedly violated by defendants include deprivations of property without due process, the right to counsel, the right to travel, and the right to petition the Government for redress of grievances. Plaintiffs also raise claims under Louisiana law asserting the pendant claim jurisdiction of the federal courts. Finding the allegations as to each cause of action insufficient to state a cause of action, the district court dismissed the complaint.

A valid 42 U.S.C.A. § 1983 claim requires a showing of state action. The only state action here alleged was that of defendant Berrigan, who examined Mrs. Morgan's files when she consulted him in his capacity as a district attorney. There is no allegation as to how Berrigan used the information gained in this fashion to further the alleged conspiracy. Thus the state involvement, if extant at all, terminated prior to the actions complained of thus defeating the § 1983 claim. We note that even if it did not, the prosecutor's § 1983 immunity may extend to this situation. *See Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). No other defendant allegedly conducted any acts under color of law.

* District Judge of the Southern District of Florida, sitting by designation.

To succeed under § 1985(3) a plaintiff must, *inter alia,* show that there is some class-based invidiously discriminatory animus on the part of the defendant conspirators. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The only class into which plaintiffs allege that they fall is the class of "newcomers" to their particular parish. There is no indication that such a class is a sufficient basis for § 1985(3) protection.

Finally the plaintiffs have failed to allege sufficient jurisdictional facts to withstand the motion to dismiss their antitrust claims. Other than making references to the permanent Veterans Administration financing, there is no indication how the alleged conspiracy might have affected interstate commerce. Absent such a showing, we have no jurisdiction to consider the claim. *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.,* 469 F.2d 416 (5th Cir. 1972). As the defendants point out, the V.A. involvement in financing plaintiffs' home was merely that of a guarantor. The funds in question came from local sources, and if there is any monopolization of legal services, it, too, is of strictly local magnitude and thus beyond the reach of this Court.

Without allegations sufficient to state federal causes of action, the complaint as to Louisiana state claims was appropriately dismissed. Plaintiffs presumably can raise and litigate any valid state causes of action in the state court proceedings. We express no opinion on whether the pendency of state court proceedings is reason enough to require the court to dismiss the federal complaint. Sufficient for affirmance is that the district court committed no error in refusing to entertain pendant jurisdiction of the state claims.

AFFIRMED.