VILLAGE HARBOR, INC., Milton O. Stein and Bert J. Stein, Plaintiffs-Appellants,

v.

The UNITED STATES of America, Defendant,

Lake Lanier Islands Development Authority et al., etc., Defendants-Appellees.

No. 76–2395.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1977.

Richard C. Freeman, III, Myles E. Eastwood, E. Ray Lanier, Atlanta, Ga., for plaintiffs-appellants.

Dale M. Schwartz, Atlanta, Ga., Amicus Curiae, for Anti-Defamation League of B'nai B'rith.

Edgar H. Sims, Jr., Steven B. Kite, Tom Watson Brown, Robert S. Bomar, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Atlanta, Ga., Peter R. Taft, Asst. Atty. Gen., Edmund B. Clark, Carl Strass, Dept. of Justice, Washington, D. C., for Lake Lanier Islands.

Before WISDOM, SIMPSON, and TJOFLAT, Circuit Judges.

PER CURIAM:

The question this appeal raises is whether the district court properly dismissed this case. The complaint alleged that the plaintiffs were unconstitutionally discriminated against because of their Jewish religion and that they were deprived of personal liberty

and property rights. We hold that the district court properly treated the motion to dismiss as a motion for summary judgment. We affirm.

This case arises out of a landlord-tenant dispute. Defendant-appellee is Lake Lanier Islands Development Authority, an instrumentality of the State of Georgia, charged with operating lands owned by the United States. The personal defendants-appellees are David A. Rankin, a director and former Chairman of the Board of Directors of the Authority, and George S. Haymans, its Executive Director. The plaintiffs-appellants are Village Harbor, Inc., a Georgia corporation, and Milton O. Stein and Bert J. Stein, officers of the corporation. The Authority and Village Harbor entered into a lease which gave the plaintiffs the responsibility for developing an important part of the Lake Lanier Islands area. This lease was the most favorable one in the Lake Lanier Islands project. Disagreements followed, exacerbated by Haymans's use of ethnic slurs in referring to the Steins. In June 1975 Village Harbor was notified that it was in default under the terms of its lease for failure to operate and maintain public restrooms, failure to remove a temporary construction shack from the leased premises, and—most importantly—failure to develop the facilities required under its leases. The plaintiffs asserted that they had been discriminated against in ways which violated numerous statutory and constitutional provisions.

On August 4, 1975, the plaintiffs filed their complaint seeking money damages and both interlocutory and permanent injunctive relief. The complaint alleged jurisdiction under 28 U.S.C. §§ 1331 and 1343, and asserted claims against the defendants arising under 42 U.S.C. §§ 1981, 1983, 1985, 2000a, 2000b, 2000d, and the first, fifth, and fourteenth amendments to the constitution. On August 25, the defendants moved for dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. From August 28, 1975, through September 3, 1975, the district court held hearings on the plaintiffs' application for a preliminary injunction. At the end of that hearing, the judge directed the parties to submit briefs on the question of subject matter jurisdiction. The defendants renewed their motions in January 1976 and coupled them with a request that their motion under Fed.R.Civ.P. 12(b)(6) be treated in the alternative as a motion for summary judgment. On March 11, 1976, the plaintiffs requested that they be allowed to delay their reply to defendants' motion for summary judgment. On March 15, 1976, the district court dismissed the case.[1] The next day the judge wrote the plaintiffs, advising them that the dismissal had been solely on jurisdictional grounds.[2] This Court initially affirmed the judgment in an unpublished per curiam opinion. *Village Harbor, Inc. v. Lake Lanier Islands Development Authority,* 5 Cir. 1976, 544 F.2d 517. On February 9, 1977,

---

1. In its order, the district court appeared to be disposing of the case as a matter of summary judgment.

> Upon careful consideration the Court is of the opinion that the defendants' motions to dismiss, having been treated as motions for summary judgment, should be granted for the reason that no federally protected rights are shown to have been violated, even if all of plaintiffs factual allegations are true. The Court finds from all of the evidence that the defendants did not discriminate against the plaintiffs on the basis of ther [sic] religion. Furthermore, the Court finds that the plaintiffs have not been deprived of any right, privilege or immunity secured by the Constitution or laws of the United States.

District court opinion at 7 (Appendix, Vol. II, at 624).

2. The district judge wrote:

> As you know, I put out a decision on the jurisdictional aspects of this case. I know that the decision was adverse to your position. Nevertheless, I believe that the way I treated the matter was in keeping with what your letter of March 11th requested. My ruling was confined to the jurisdictional issue, solely. In view of the fact that the jurisdictional issue determination was based, at least in part, on evidence taken during the hearing, it may have taken the form of a partial motion for summary judgment. Nevertheless, it does not purport to go to the merits of the controversy.

Appendix, Vol. II, at 630.

this Court granted plaintiffs' petition for rehearing.

◼ The first problem in this appeal is to characterize the district court order. The order spoke of treating the motions as motions for summary judgment. The letter the next day contradicted that language. In these circumstances the order must be examined to determine whether it could be upheld as either a dismissal under Fed.R. Civ.P. 12(b), or as a summary judgment. "It is a familiar principle that the label a district court puts on its disposition of a case is not binding on a court of appeals." *Tuley v. Heyd,* 5 Cir. 1973, 482 F.2d 590, 593.

The complaint on its face alleges a federal cause of action for impermissible discrimination. The only ground for dismissal for want of subject jurisdiction would have been that the claims are "wholly insubstantial or frivolous." *Bell v. Hood,* 1946, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943. There is authority that a court may consider matters beyond the pleadings in passing on questions of subject matter jurisdiction. *See State of Alabama ex rel. Baxley v. Woody,* 5 Cir. 1973, 473 F.2d 10, 12; *Rosemound Sand and Gravel Co. v. Lambert Sand and Gravel Co.,* 5 Cir. 1972, 469 F.2d 416, 418; *Exchange National Bank of Chicago v. Touche Ross & Co.,* 2 Cir. 1976, 544 F.2d 1126, 1130–31. However, each of those cases used information from other than the pleadings to establish facts which were not tied to the merits of the plaintiff's case. Thus, in *Woody* the court went beyond the pleadings to determine mootness. In *Rosemound* the question was the existence of sufficient interstate commerce to support federal antitrust claims. In *Exchange Bank* the court considered evidence that the notes in question were not

securities within the meaning of the federal securities acts. In this case the jurisdictional question is the substantiality of the suit. The judge relied on evidence taken during three and a half days of hearings. Such a determination closely resembles a decision on the merits. To allow a jurisdictional dismissal in this situation would obscure the distinction between a subject matter jurisdiction dismissal and a summary judgment. Therefore, a dismissal for want of jurisdiction was not appropriate.

A motion to dismiss for failure to state a claim upon which relief can be granted must be treated as a motion for summary judgment if matters outside the pleadings are considered.[3] Summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The events which led to this suit are not in dispute. Instead, the parties differ over whether those events should be characterized as showing discrimination.

◼ The trial judge discussed the evidence in a complete memorandum order. He found that while Haymans, the executive director, had made reprehensible anti-Semitic remarks, there was "no cause-and-effect bridge to connect the defendant Haymans' remarks and the activities of which the plaintiffs complain. . . . The Court is convinced that this case involves a dispute between a landlord and tenant wherein anti-Jewish sentiment played no part."[4] Given the undisputed record of the dealings between these parties, this Court agrees that no showing was made by plaintiffs of discrimination.[5]

◼ The plaintiffs also contend that they were denied a "reasonable opportunity to

---

3. "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b).

4. *Village Harbor, Inc. v. United States,* Appendix, Vol. II, at 624 [No. 75–1526 at 8, March 15, 1976].

5. The plaintiffs put forward claims other than those purely dealing with religious discrimination. These claims were also dealt with appropriately on summary judgment.

present all material made pertinent to (the summary judgment) motion by Rule 56." [6] The plaintiffs had over two months in which to respond to the summary judgment motion. The hearing on interlocutory relief was concluded over six months before the district court's order. Absent some showing of cause, this was ample time in which to prepare a response. No such showing has been made.

We hold that the district court properly disposed of this case in accordance with the requirements of Fed.R.Civ.P. 56. As a summary judgment, that disposition of the case is AFFIRMED.