**SAVE OUR CEMETERIES, INC., et al.,**
**Plaintiffs-Appellants,**

v.

**The ARCHDIOCESE OF NEW ORLEANS, INC., et al.,**
**Defendants-Appellees.**

**No. 76–4252**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1978.

Rehearing and Rehearing En Banc Denied April 17, 1978.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Louis R. Koerner, New Orleans, La., for plaintiffs-appellants.

Thomas A. Rayer, New Orleans, La., for defendants-appellees.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge.

The issue raised by this appeal is whether the district court properly dismissed the appellants' suit, in which the appellants charged violations of the Sherman Act and of the Civil Rights Act. After a careful review of the record, we hold that the district court properly dismissed the appellants' antitrust claims for lack of subject matter jurisdiction. We also hold that the district court's dismissal of the appellants' civil rights claims is properly reviewable as a grant of summary judgment, and, reviewed as such, we affirm the district court.

The appellants in the case on appeal are Save-Our-Cemeteries, Inc., a non-profit organization, and Mr. Gilbert Maury, an alleged owner of a wall vault in St. Louis Cemetery No. 2 in the City of New Orleans. The appellees are the Roman Catholic Church of the Archdiocese of New Orleans and New Orleans Archdiocesan Cemeteries, Inc. In 1974, the New Orleans Department of Health advised the appellees that they should not permit future burials in the wall vaults in St. Louis Cemetery No. 2 due to the advanced degree of deterioration of the wall. When the appellees indicated their intention to comply with the Department of Health notice, the appellants brought this suit in the federal district court, charging violations of the Sherman Act, the Civil Rights Act, and the National Historic Preservation Act.

The appellees filed a motion for summary judgment and motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. After a hearing on these motions, the district court dismissed the appellants' complaint. The district court's order did not specify whether dismissal was for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6). The district court judge indicated at the hearing on the motions, however, that the basis for dismissal was lack of subject matter jurisdiction. On this appeal, the appellants challenge only the dismissal of their Sherman Act and Civil Rights Act claims.

■ The district court properly dismissed the appellants' Sherman Act claims. When a plaintiff's allegations of jurisdiction are challenged, the plaintiff has the burden of proving that jurisdiction exists, *Rosemound Sand and Gravel Co. v. Lambert Sand and Gravel Co.,* 469 F.2d 416, 418 (5th Cir. 1972), and the district court may consider matters outside the pleadings. *Village Harbor, Inc. v. United States,* 559 F.2d 247, 249 (5th Cir. 1977). In the case on appeal, the appellants' complaint merely states the conclusion that the appellees "are engaged in interstate commerce and/or in business affecting and involving interstate commerce" and are "causing an undue burden on interstate commerce." In support of their motion for summary judgment, the appellees submitted the affidavit of Rev. Monsignor Raymond Wegmann, Director of the New Orleans Archdiocesan Cemeteries, to the effect that the appellees were not involved in interstate commerce and that the appellees' actions did not have a direct and substantial effect on interstate commerce. *See Rosemound, supra* at 418–19, and cases cited therein; L. Sullivan, Handbook of the Law of Antitrust § 233, at 709–10 (1977). The appellants did not introduce any evidence at the hearing to indicate that the appellees' actions fell within the jurisdictional reach of the Sherman Act, although the appellants received notice of the appellees' motions approximately six weeks before the hearing on the motions. Because the appellants failed to carry their burden of proving the existence of subject matter jurisdiction, the district court prop-

erly dismissed the appellants' Sherman Act claims pursuant to Rule 12(b)(1). *Morgan v. Odem,* 552 F.2d 147, 149 (5th Cir. 1977).

To review the district court's action with respect to the appellants' Civil Rights Act claims, it is first necessary to properly characterize the district court order. *See Village Harbor, Inc. v. United States,* 559 F.2d 247, 249 (5th Cir. 1977). A court of appeals is not bound by the label a district court puts on its disposition of a case. *Tuley v. Heyd,* 482 F.2d 590, 593 (5th Cir. 1973). A district court may dismiss for lack of subject matter jurisdiction only if the federal claims are "wholly insubstantial or frivolous." *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). In the case on appeal, the appellants alleged in their complaint that the appellees had violated § 1981, § 1982, § 1983, and § 1985(3) of the Civil Rights Act, 42 U.S.C. §§ 1981–1983, 1985(3). These claims were not wholly insubstantial or frivolous on the face of the complaint. Therefore, they would have been more appropriately dismissed for failure to state a claim rather than for lack of subject matter jurisdiction. *Ramirez v. Yzaguirre,* 562 F.2d 1259 (5th Cir. filed Oct. 20, 1977).

The district court's order may not be reviewed as a dismissal for failure to state a claim, however, because the district court considered matters outside the pleadings. The district court judge stated at the hearing on the motions that he had read everything the parties had put into the record, which included the affidavit submitted by the appellees. Additionally, during the hearing on the motions, the appellants' attorney discussed evidence presented in a previously conducted hearing for a temporary restraining order in the same case presently before this court. Therefore, pursuant to Fed.R.Civ.P. 12(b), this court must treat the district court's grant of the motion to dismiss as the grant of a motion for summary judgment. *Village Harbor Inc., v. United States,* 559 F.2d 247, 249 (5th Cir. 1977); *Brinkley & West, Inc. v. Foremost Insurance Co.,* 499 F.2d 928 (5th Cir. 1974);

Fed.R.Civ.P. 12(b)(6), Advisory Committee Notes.

A motion for summary judgment may be granted if "there is no genuine issue as to any material fact and [if] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Motions for summary judgment are designed to "pierce the allegations in the pleadings," thereby permitting the court to determine whether a factual basis actually exists for the petitioner's claims. *Tuley v. Heyd,* 482 F.2d 590, 593 (5th Cir. 1973); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2712, at 373 (1973). Because the appellees supported their motion for summary judgment with a sufficient affidavit, the appellants had the burden to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The appellants failed to meet this burden. Their argument at the hearing on the motions was limited to the unsubstantiated allegations they had made in their complaint and to certain insignificant evidence presented at the previous hearing for a temporary restraining order.

A finding of state action is a necessary prerequisite to a grant of relief pursuant to § 1983. *Morgan v. Odem,* 552 F.2d 147, 148 (5th Cir. 1977). To disprove the existence of any state action, Monsignor Wegmann swore in his affidavit that New Orleans Archdiocesan Cemeteries, Inc. "controls, manages and operates [St. Louis Cemetery No. 2] as a private, religious cemetery, entirely free from any contract, arrangement, or supervision by any public body. . . ." The Monsignor also swore that neither the New Orleans Archdiocesan Cemeteries nor the Archdiocese of New Orleans ever received any funds from any governmental body. The appellants did not dispute these statements. In fact, although appellants originally joined the City of New Orleans and various city officials as codefendants, the appellants voluntarily dismissed them because they "were acting within the course and scope of their administrative functions as city officials." Therefore, the appellants' § 1983 claim is appropriate for summary judgment.

A finding of racial discrimination is a necessary prerequisite to a grant of relief pursuant to § 1981, § 1982 and § 1985(3). *Village Harbor Inc. v. United States,* 559 F.2d 247, 249 (5th Cir. 1977); *Morgan v. Odem,* 552 F.2d 147, 149 (5th Cir. 1977); *Campbell v. Gadsden County District School Board,* 534 F.2d 650, 653–55 nn. 8 and 9 (5th Cir. 1976. The trial court found that the appellees did not racially discriminate by complying with the City's notice to prohibit future burials in the wall vaults. This court agrees with the district court. Therefore, summary judgment is appropriate for the appellants' § 1981, § 1982 and § 1985(3) claims.

The appellants argue that the district court should not have dismissed their claims because the appellants had not completed discovery before the hearing on the motions. The appellants had approximately six weeks to prepare for the hearing, and yet the appellants' attorney admitted at the hearing that he had not even begun discovery. Because the appellants made no showing of cause for their failure to begin discovery and because the appellants had sufficient time to do so before the hearing, we reject this argument. *Village Harbor, Inc. v. United States,* 559 F.2d 247, 249–50 (1977).

Although we hold that the appellants' antitrust claims appropriately were dismissed for lack of subject matter jurisdiction and that their civil rights claims are appropriate for summary judgment, we express no opinion as to any state causes of action.

AFFIRMED.