Herman L. HARRIS, Plaintiff-Appellant,

v.

Paul R. HUBBERT, Individually and as Executive Secretary, Alabama Education Association, et al., Defendants-Appellees.

No. 78–2313
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**168**

Charles P. Miller, Montgomery, Ala., for plaintiff-appellant.

Truman Hobbs, Montgomery, Ala., for defendants-appellees.

Before RONEY, GEE and FAY, Circuit Judges.

**PER CURIAM:**

In his civil rights complaint appellant contended that the transfer from one supervisory position to another by the defendant, his employer, Alabama Education Association, was a violation of his rights under 42 U.S.C. § 1983 because the transfer constituted state action. Appellant also sued the officers and directors of Alabama Education Association individually and in their official capacity. After a review of the pleadings and briefs the district court granted appellees' motion to dismiss for failure to state a claim.

Claims brought under 42 U.S.C.A. § 1983 require a showing of state action, *Madry v. Sorel,* 558 F.2d 303 (5th Cir. 1977); *Morgan v. Odem,* 552 F.2d 147 (5th Cir. 1977). Appellant argues that the action of the transfer constituted state action because (1) the association is tax exempt, (2) the association has great political influence upon the Alabama legislature which in turn funds the educational programs in the state, (3) public education has traditionally been a function of the state and the association is an integral part of the Alabama education system, (4) the association has requested and received opinions from the Attorney General of the State of Alabama, and (5) the association has made employer contributions for its employees to the Teacher Retirement System of Alabama. We find these arguments to be without merit and affirm.

The uncontradicted affidavit of Paul R. Hubbert, Executive Secretary of the Alabama Education Association (R 12–13), shows that the association is not a state agency but a voluntary group of teachers, administrators and supervisors supported solely by dues paid by its members. Many employees of the state school system are not members. There must be significant state involvement in order to bring activities within the ambit of 42 U.S.C.A. § 1983 and the Fourteenth Amendment. *See, Ful-*

*ton v. Hecht,* 545 F.2d 540 (5th Cir. 1977). We find none here.

Affirmed.