637 F.2d 308
 James GRIFFIN, a minor, By and Through his mother and next
friend, Jane GRIFFIN, et al., Plaintiffs-Appellants,
v.
The UNITED STATES of America, Best Property Management
Corporation, a Florida Corporation, Defendants-Appellees.
 No. 78-2924.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 17, 1981.
 
 Arnold R. Ginsberg, Miami, Fla., for plaintiffs-appellants.
 Chansen & Chansen, Andrew M. Chansen, Fort Lauderdale, Fla., for Best Property Management Corp.
 Kenneth D. Stern, Asst. U. S. Atty., Miami, Fla., for the United States.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TJOFLAT and SAM D. JOHNSON, Circuit Judges, and SEAR*, District Judge.
 TJOFLAT, Circuit Judge:
 
 
 1
 The district court dismissed this Federal Torts Claim Act case for lack of subject matter jurisdiction. We reverse and remand for further proceedings on the merits.
 
 
 2
 * On April 15, 1976, James Griffin, a 10-year-old-boy, was playing catch with his sister in front of his house. An errant pitch sailed over James's head into a vacant, debris-strewn lot. James ran after the ball, but before reaching it, tripped on a metal bar and severely cut himself on some glass.
 
 
 3
 The United States Department of Housing and Urban Development (HUD) owned the lot on which James was injured. Alleging that HUD's inadequate maintenance of the lot caused his injury, James and his parents, after exhausting their administrative remedies, brought a lawsuit against the United States under the Federal Torts Claim Act, 28 U.S.C. §§ 2671-2680 (1976).
 
 
 4
 The United States, in answering the complaint, averred that Best Management Property Corporation (Best) was responsible, under a contract with HUD, for the property's management and maintenance. In apparent response to this, the plaintiffs amended their complaint to add Best as a defendant. Plaintiffs claimed that jurisdictional requirements against Best were satisfied because their claim against Best was pendent to their claim against the United States.
 
 
 5
 Shortly after the complaint was amended, the United States moved for dismissal for lack of subject matter jurisdiction. The basis for the United States's motion was that the contract between HUD and Best established, as a matter of law, that Best was an independent contractor responsible for the property's management and maintenance. Since the United States, through the Federal Torts Claim Act, had not consented to be sued for the negligence of its independent contractors, Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 2220, 37 L.Ed.2d 121 (1973), the district court lacked jurisdiction to hear the case.
 
 
 6
 The plaintiffs opposed the motion, arguing that there were two triable issues of fact: (1) whether Best was, in fact, an independent contractor, and (2) whether HUD's own conduct, independent of the actions of Best, constituted actionable negligence under applicable state law[1], see Emelwon, Inc. v. United States, 391 F.2d 9 (5th Cir.), cert. denied, 393 U.S. 841, 89 S.Ct. 119, 21 L.Ed.2d 111 (1968). The district court disagreed and dismissed for lack of subject matter jurisdiction. Since there was, in the court's view, no jurisdiction under the Federal Torts Claim Act, pendent jurisdiction against Best was also improper; therefore, the court dismissed the claim against Best as well.[2]II
 
 
 7
 The Griffin's complaint alleges that the United States's negligence in allowing the lot to remain uncleared caused James's injuries. On its face, this states a cause of action under the Federal Torts Claim Act and "(t)he only ground for dismissal for want of subject jurisdiction would have been that the claims are 'wholly insubstantial or frivolous,' " Village Harbor, Inc. v. United States, 559 F.2d 247, 249 (5th Cir. 1977) (citation omitted), or that "the claim is clearly foreclosed by prior decisions of the Supreme Court." Hilgeman v. National Insurance Co. of America, 547 F.2d 298, 300 (5th Cir. 1977). See also Bell v. Hood, 327 U.S. 678, 682-683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). The district court found that a prior Supreme Court case, United States v. Orleans, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), which held that the United States could not be sued under the Federal Torts Claim Act for the negligence of its independent contractors, clearly foreclosed judgment in favor of plaintiffs, because Best was an independent contractor.
 
 
 8
 We think the district court's dismissal for lack of jurisdiction was incorrect. First, we cannot say, on the basis of the pleadings, that the Orleans decision is dispositive. The plaintiffs do not, in their complaint, allege that the United States should be held liable for the acts or omissions of Best; rather, the complaint alleges that the United States should be held liable for its own negligent failure to maintain the lot. If it turns out, as the facts of this case develop, that the United States had, under Florida law, no duty to maintain the lot safely, or completely satisfied any such duty by contracting with Best, the United States will be entitled to judgment at that time. But the complaint, by alleging that the United States should be held liable for its own actions, states a claim under the Federal Torts Claim Act.
 
 
 9
 The district court, however, went beyond the pleadings. Turning to the record, the court found, in effect, that HUD, by entering into a contract with Best, had transferred to Best any legal responsibility it had to maintain the lot in a safe condition. To find this, the court considered HUD's contract with Best and the depositions of John Griffiths, a HUD official, and Edward Kaplan, Best's president.
 
 
 10
 "There is authority that a court may consider matters beyond the pleadings in passing on questions of subject matter jurisdiction. However, each of those cases used information from other than the pleadings to establish facts which were not tied to the merits of the plaintiff's case." Village Harbor, Inc. v. United States, 559 F.2d 247, 249 (5th Cir. 1977). In this case, though, the court poses as a jurisdictional question whether the United States violated any duty it owed under Florida law to the plaintiffs. The answer to this question goes to the substantiality of the suit and, if derived from outside the pleadings, cannot form the basis for a dismissal for lack of subject matter jurisdiction. Id. Therefore, we must hold that the district court's dismissal for lack of subject matter jurisdiction was in error.
 
 
 11
 We recognize that "the label a district court puts on its disposition of a case is not binding on a court of appeals," Tuley v. Heyd, 482 F.2d 590, 593 (5th cir. 1973), and that we may thus treat the court's order as a summary disposition under Fed.R.Civ.P. 56. In this case, however, we think sound principles of appellate review require us to remand to the district court for further proceedings on the merits. For one thing, our holding on jurisdiction revivifies the Griffins's claims against Best, and those claims will remain for disposition whether or not summary judgment in favor of the United States is appropriate. Secondly, in-tandem consideration of Best's and the United States's arguments for summary judgment will give the district court the opportunity to consider the arguments in relation to each other, which, in a case like this, may help focus the issue with a precision not available to us on this appeal.[3]
 
 
 12
 REVERSED and REMANDED.
 
 
 
 *
 United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 [1]
 The parties agree that Florida law governs this case
 
 
 [2]
 Best had itself moved for summary judgment, contending (1) that James Griffin was an undiscovered trespasser to whom Best owed no duty, and (2) that it was an employee of the United States, and in this relationship lacked authority to clear the lot until specifically instructed to do so. The district court found the motion for summary judgment to be moot
 
 
 [3]
 Best did not cross-appeal the district court's disposition of its motion for summary judgment, and the issues presented therein are not directly before us