Dana HILL

v.

**Richard SCHWEIKER, Secretary, Department of Health and Human Services.**

Civ. No. 81–261–D.

United States District Court, D. New Hampshire.

March 1, 1982.

Sanford Roberts, Portsmouth, N. H., for plaintiff.

Helen J. Forsyth, Asst. U. S. Atty., Concord, N. H., Melinda V. Golub, U. S. Dept. of H. H. S., Washington, D. C., for defendant.

## ORDER

DEVINE, Chief Judge.

This action is presently before the Court upon defendant's Motion to Dismiss or in the Alternative for Summary Judgment. The basis of defendant's motion is that, first, there is no genuine issue of material fact with respect to whether an "employee, instrumentality or agency of the United States" under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, *et seq.,* required the plaintiff to submit to a cardiac stress test, and second, this Court lacks jurisdiction over the subject matter of this lawsuit in that 42 U.S.C. § 405(h) of the Social Security Act bars this action.

Plaintiff filed his complaint in this action on May 29, 1981, and an amended complaint on October 20, 1981. He alleged therein that he had suffered a heart attack on May 16, 1979, because agents of the Social Security Administration had carelessly and negligently required him to undergo a cardiac stress test in order to evaluate his eligibility for disability insurance benefits pursuant to 42 U.S.C. § 423. In his amended complaint, plaintiff alleges jurisdiction is based upon the FTCA, 28 U.S.C. § 1346(b).

■ The first issue to be considered by this Court is whether there is a genuine issue of material fact with respect to whether an "employee of the government", as that term is defined in 28 U.S.C. § 2671, required the plaintiff to undergo a cardiac stress test. For the Government to be liable for the negligence of an employee of the New Hampshire Disability Determination Service, the employee must be shown to be an "employee of the government" as that term is used in the FTCA.

28 U.S.C. § 2671 provides:

### § 2671. Definitions

As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, *but does not include any contractor with the United States.*

"Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.

"Acting within the scope of his office or employment", in the case of a member of the military or naval forces of the United States, means acting in line of duty.

(Emphasis added.)

Plaintiff contends that "employees of the government" negligently required him to undergo a cardiac stress test. Defendant contends that Dr. Donald Steinmuller, the person who requested plaintiff to undergo a cardiac stress test, was an employee of the New Hampshire Disability Determination Service, an independent contractor with the Social Security Administration, and that he therefore falls within the exemption from coverage provided by 28 U.S.C. § 2671.

In *Logue v. United States,* 412 U.S. 521, 527–28, 93 S.Ct. 2215, 2219–20, 37 L.Ed.2d 121 (1973), the Supreme Court, in considering whether an employee of a county jail was an "employee of the government" under 28 U.S.C. § 2671, stated:

In *Maryland v. United States,* 381 U.S. 41 [85 S.Ct. 1293, 14 L.Ed.2d 205] (1965), one of the factors relied upon by the Court in determining that both military and civilian National Guard personnel were employees of the States, rather than of the United States, for purposes of the Federal Tort Claims Act, was the 'supervision exercised by the States over both military and civilian personnel,' *id.,* at 53 [85 S.Ct. at 1300]. The courts of appeals that have had occasion to decide the question appear to have unvaryingly held that the 'contractor with the United States' language of § 2671 adopts the traditional distinction between employees of the principal and employees of an independent contractor with the principal, and to have also held that the critical factor in making this determination is the authority of the principal to control the detailed physical performance of the contractor.

The Court went on to conclude:

Thus, Congress not only authorized the Government to make contracts such as the one here in question, but rather clearly contemplated that the day-to-day operations of the contractor's facilities were to be in the hands of the contractor, with the Government's role limited to the payment of sufficiently high rates to induce the contractor to do a good job.

*Logue v. United States, supra* at 529, 93 S.Ct. at 2220.

In considering whether the employees of a local community action program were "employees of the government" under 28 U.S.C. § 2671, the Supreme Court in *United States v. Orleans,* 425 U.S. 807, 815, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976), stated,

as in *Logue* and *Maryland,* the question here is not whether the community action agency receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government.

(Footnote omitted.) *See also Perez v. United States*, 594 F.2d 280 (1st Cir. 1979); *Harris v. United States*, 424 F.Supp. 627 (D.Mass.1976); *Brooks v. A. R. & S. Enterprises, Inc.*, 622 F.2d 8 (1st Cir. 1980).

Pursuant to 42 U.S.C. § 421, the Social Security Administration of the United States Department of Health and Human Services contracted with the Disability Determination Service of the Division of Vocational Rehabilitation of the State of New Hampshire (hereinafter "the state agency"). *See* Defendant's Memorandum In Support Of Motion To Dismiss, Exhibit D (hereinafter "Exhibit D"). Under such agreement, the state agency is to review the applications and medical files of all New Hampshire applicants for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and determine which applicants are medically eligible for benefits. The determination to be made by this Court at this time is whether there is a genuine issue of material fact with respect to whether the Social Security Administration supervises the day-to-day operations of the state agency under both the enabling statute and the contract executed by the Social Security Administration and the state agency.

The enabling statute, 42 U.S.C. § 421, and the contract entered into by the state agency and the Social Security Administration set out many specific requirements with which the state agency must comply. These include regulations defining disability (*see* Exhibit D, which refers to 42 U.S.C. §§ 416(i) and 423), classes of cases in which the state agency may make disability determinations, standards relating to personnel and training, standards for fees and costs, standards for reporting and recordkeeping, standards for federal funding, and standards for federal review of the state agency. The state agency, however, is required to provide and control management, facilities, organizational structure, and personnel. The state agency hires and discharges such personnel and sets the hours and compensation for such personnel.

█ Upon the particular facts of this case, it is clear that there is no genuine issue of material fact as to whether the Social Security Administration supervises the day-to-day operations of the state agency. The record is clear that the Social Security Administration does not control the day-to-day operations of the state agency. Although the state agency is bound to comply with numerous federal regulations, the state agency is given great freedom in implementing the day-to-day operations necessary in making disability determinations. As the Supreme Court stated in *United States v. Orleans, supra* at 815, 96 S.Ct. at 1976, in referring to the Federal Bureau of Prisons' "control" in *Logue v. United States, supra*: "In short it could take action to compel compliance with the federal standards, but it did not supervise operations." Similarly, in the present case, the Social Security Administration may compel compliance with the federal regulations by the state agency, but it does not supervise the day-to-day operations of the state agency. This being so, employees of the state agency are not "employees of the government"; the United States is therefore not liable under the FTCA for the alleged negligent act of this employee.

Because of the above holding, this Court does not find it necessary to reach the second issue as to whether 42 U.S.C. § 405(h) bars federal court jurisdiction of claims brought pursuant to 28 U.S.C. § 1346(b).

Based on the above analysis, the Court finds and rules that this case should be and it herewith is dismissed without prejudice to the plaintiff to bring any appropriate actions in the state courts of New Hampshire.

SO ORDERED.