Jane Barber BROWN, individually and as Executrix of the Estate of James W. Brown, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 81–95–N.

United States District Court, M.D. Alabama, N.D.

Aug. 26, 1982.

See also, 573 F.Supp. 743.

Ted Taylor, Tom Wright, Prattville, Ala., and Roger Morrow, Whitesell, Morrow & Romine, Montgomery, Ala., for plaintiff.

John C. Bell, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, District Judge.

On October 6, 1981, this Court dismissed the complaint in this case on the ground that the Court lacked subject matter jurisdiction over the cause of action because the State of Alabama employees acted as independent contractors for the federal government, and the United States could not be held liable for their actions under the Federal Tort Claims Act, 28 U.S.C. § 1346. On January 4, 1982, the Court, on motion by plaintiff, reopened this case for the limited purpose of allowing plaintiff to show that her complaint states a cause of action against actual employees of the United States, Social Security Administration. In that order the Court reiterated that it would not reconsider its finding that the Alabama employees were independent contractors.

Plaintiff filed a motion for extension of time for discovery and a motion to amend the complaint on April 12, 1982. The amended complaint seeks to add the four State of Alabama employees on the basis of pendent jurisdiction as well as assert liability of the United States for their actions. In an order issued April 26, 1982, the Court ruled that as far as the amended complaint sought to base liability of the United States on the actions of employees of the Alabama Department of Education, the amendment would not be allowed. The Court reserved decision on the pendent state claim until it was established that there is a claim in this case over which there is federal jurisdiction. The Court ordered plaintiff to file a brief detailing any evidence developed up to that date that would tend to show that the United States could be liable under any theory of the negligence applicable to employees of the United States. Plaintiff was also directed to outline the discovery which plaintiff would pursue, based on the known information, if further discovery was granted. The Court directed plaintiff to make such a showing by May 14, 1982.

On May 11, 1982, plaintiff filed a brief stating the evidence developed to date. On June 18, 1982, plaintiff filed a supplemental brief with attached affidavits and documentary exhibits. The same day plaintiff filed a memorandum of law in support of its May 11 and June 18 briefs. The United States responded on June 22, 1982 to plaintiff's briefs. Thus, the motion to amend the complaint and the motion to allow further time for discovery are now before the Court.

Despite repeated statements from this Court that it would not reconsider its holding that employees of the Division of Disability Determination of the Alabama Department of Education are independent contractors, plaintiff continues to assert that such personnel are employees of the United States and has directed most of her legal argument and discovery towards this issue. The Court has read plaintiff's affidavits, depositions, and the cases cited in plaintiff's brief and finds nothing therein to cause this Court to reconsider its prior finding. Many of the statements in the affidavits are hearsay and assert conclusions of law based on the affiant's understanding of the financing of the Division. Other statements merely reflect the terms of the contract between the State and the federal government in regard to reimbursement for expenditures and the requirement that determinations be made according to federal regulations and standards. These facts were considered in the Court's opinion of October 6, 1981. Moreover, the deposition of Dr. Shelton (pp. 7 and 67) clearly shows that Disability Determination Service personnel are part of the State Merit System Service, are hired through the State Personnel Department, and the Service Director's immediate supervisor is the State Superintendent of Education.

The Court finds the cases cited by plaintiff unpersuasive on the facts in this case. In *Martarano v. United States*, 231 F.Supp. 805 (D.Nev.1964), the state employee had been loaned to the federal govern-

ment under a cooperative project agreement. He was supervised by federal employees out of the district office of the Bureau of Sport's Fisheries and Wildlife and no state employee directed or supervised his work. In other words, he worked on a daily basis with and under the control of federal employees and thus was considered a temporary employee of the United States. In *Wollman v. Gross*, 484 F.Supp. 598 (D.S.D.1980) *aff'd* 637 F.2d 544 (8th Cir.1980), *cert. den.*, 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981), the court noted that Mr. Gross was employed by the Agricultural Stabilization and Conservation Service, an agency established under the Secretary of Agriculture and was a full-time federal civil service employee. 484 F.Supp. at 601. *Wollman* did not involve the employee of a state agency contractor for the federal government. *See Duba v. Schuetzle*, 303 F.2d 570 (8th Cir.1962) [ASC committees established by federal acts, members of state committees are appointed by Secretary of Agriculture]. Finally, *Griffin v: United States*, 637 F.2d 308 (5th Cir.1981) was reversed on the ground that the court should not have decided as a jurisdictional question on a motion to dismiss whether the United States itself owed a duty to the plaintiff. Liability was not predicated on holding that an independent contractor was an employee of the United States.

Far more persuasive is the decision on similar facts in *Hill v. Schweiker*, 532 F.Supp. 1014 (D.N.H.1982). In *Hill*, the plaintiff allegedly suffered a heart attack when undergoing a cardiac stress test in an examination for disability insurance benefits. The individuals administering the test were employees of the New Hampshire Disability Determination Service, a state agency which had entered into a contract with the Social Security Administration which is similar, if not identical, to the contract entered into by the Alabama Department of Education and which was written pursuant to the same statutory authority, 42 U.S.C. § 421. 532 F.Supp. at 1016. The court in *Hill* held, on summary judgment, that the individual employees of the

New Hampshire Disability Determination Service were not federal employees. *Id.* This Court agrees and considers the issue closed.

Plaintiff, in her May 11 brief, also raised seven ways in which employees of the regional or national offices of the Social Security Administration were negligent and could be liable in this cause. Several of the alleged acts of negligence charge improper action in drafting guidelines, regulations, administration procedures, and review procedures. The Court is of the opinion that these may constitute discretionary functions or duties of the federal employees involved, however, the Court will not resolve this issue on summary judgment. Plaintiff also asserts that individuals of the Regional Commissioner's staff were negligent or wanton in performance of their job duty to review the manner in which the Birmingham office is operated.

Furthermore, plaintiff asserts that employees of the Montgomery Social Security Administration office, where the claim and file originated and to which they were returned, were negligent or wanton in not informing plaintiff's decedent of his condition. The depositions of Dr. Trippe shows that on the bottom of his report of Mr. Brown's physical examination, Dr. Trippe wrote: "Please see his XR chest report!!" (Ex. C) The attached x-ray report showed a mass in the left lung about 6 cms in diameter that was "presumed to be malignant." According to the deposition of Ms. Wanda Thomas, both of these documents were in Mr. Brown's file and that file was sent back to the Montgomery district office of the Social Security Administration. (Dep. p. 70). *See also* pp. 54–57. On the current record, the Court is unable to determine what further action is taken on the file by the district office and whether these actions or the relationship between the district office and Mr. Brown would have given rise to any duty under Alabama law of Social Security personnel to disclose or warn Mr. Brown. *See Aretz v. United States*, 604 F.2d 417 (5th Cir.1979) (source of duty in FTCA cases is a matter of state

law); *Griffin v. United States,* 637 F.2d 308, 310 (5th Cir.1981) (reversal of court for failure to determine "whether the United States violated any duty it owed under Florida law to the plaintiffs"). Since the Court finds possible grounds for federal jurisdiction, it will allow this case to proceed to trial on the above issues.

As discussed in its order of April 26, 1982, this Court thinks that whether pendent party jurisdiction could exist in this case is highly questionable. The exercise of pendent jurisdiction, if it exists at all, is within the discretion of the Court and the Court refuses to exercise it in this cause. Thus, the amended complaint will not be allowed to the extent it attempts to add the four additional state defendants and assert a claim against them. Moreover, as stated in previous orders, the amended complaint will not be allowed to the extent it seeks to hold the United States derivatively liable for the actions of the State of Alabama employees but will be allowed to the extent it alleges that there are negligent or wanton acts of the United States which do not fall within one of the exceptions to the Federal Tort Claims Act.

An order will be entered in accordance with the memorandum opinion issued this date.

### ORDER

In accordance with the memorandum opinion issued this date, it is

ORDERED that plaintiff's motion to amend her complaint in this cause is granted to the extent stated in the opinion of the Court. It is further

ORDERED that this cause will be set for trial as the Court's calendar permits during a regular nonjury trial term in 1983; therefore, plaintiff's motion for an extension of time for discovery is denied as moot.